DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Amanda Galland, Dawna Berlin and Russell Galland, Jr., appeal from the decision of the Summit County Court of Common Pleas, which granted partial summary judgment to appellee, Meridia Health System, Inc. This Court reverses and remands.
 I. {¶ 2} This case arose out of an incident that occurred in appellee's emergency room the evening of January 28, 2002. Dawna Berlin and Russell Galland, Jr., had taken their five-and-a-half year old daughter, Amanda Galland, to be examined because Amanda had fallen and hit her head at school that day. In the emergency room, Amanda's shoes and socks were removed so the doctor could conduct stability tests on her. Upon completion of the tests, Amanda was instructed to get down from the examination bed. As she stepped onto the emergency room floor, a used suture needle that had been left on the floor punctured Amanda's right foot. Amanda's father removed the suture needle from her foot and the nurse treated her wound. Because the suture needle was contaminated with blood from an unknown person and it had punctured Amanda's foot, the doctor informed appellants of the possibility that Amanda could have been exposed to the HIV virus. Consequently, Amanda had to periodically return to appellee and undergo a series of blood tests for HIV, paid for by appellee, for six months following the incident.
 {¶ 3} On September 25, 2002, appellants brought a personal injury action, which included a negligent infliction of emotional distress claim, against appellee. After numerous pleadings and motions from both parties, appellee filed a motion for partial summary judgment as to the negligent infliction of emotional distress claim. On July 25, 2003, the trial court granted partial summary judgment in favor of appellee.
 {¶ 4} Appellants timely appealed the July 25, 2003 order and set forth four assignments of error for review. This Court will begin by reviewing appellants' first and third assignments of error together for ease of discussion.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred by granting defendant partial summary judgment; finding no cause of action exists for emotional distress since plaintiff never tested positive for hiv."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred by granting defendant partial summary judgment without first ruling on plaintiff's motion for a continuance and to compel discovery."
 {¶ 5} In their first assignment of error, appellants argue the trial court erred by granting appellee partial summary judgment, finding no cause of action exists for emotional distress since Amanda never tested positive for HIV. In their third assignment of error, appellants argue the trial court erred by granting appellee partial summary judgment as to the negligent infliction of emotional distress claim without first ruling on appellants' motion for a continuance and to compel discovery. This Court agrees.
 {¶ 6} This Court has discussed the necessary procedure that a party must follow when seeking to continue a ruling on a summary judgment motion:
"Civ.R. 56(F) establishes the procedure for a party opposing summary judgment to seek a continuance to conduct further discovery:
"`Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.'"
"`A party opposing a motion for summary judgment may have a ruling on the motion deferred until sufficient discovery may be had.' Staffing v. ABC Automation Packing, Inc. (June 7, 2000), 9th Dist. No. 19774, 2000 Ohio App. LEXIS 2366. A party seeking a Civ.R. 56(F) continuance has the burden of establishing a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance. Glimcher v.Reinhorn (1991), 68 Ohio App.3d 131, 138, 587 N.E.2d 462, quoting Gates Mills Investment Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 169, 392 N.E.2d 1316. The application of Civ.R. 56(F) is discretionary; therefore, a trial court's denial of such a motion shall not be reversed absent an abuse of discretion.Staffing. An abuse of discretion is more than an error of judgment, but instead demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.' Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621, 1993 Ohio 122,614 N.E.2d 748. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id." Wayne Cty. Nat'l Bank v. CFP Leasing Ltd.Partnership, 9th Dist. No. 02CA0058, 2003-Ohio-2028, at ¶¶ 7-8.
 {¶ 7} It is well settled that, when a party fails to request a continuance, or when such a continuance is not supported by affidavits pursuant to Civ.R. 56(F), a trial court is free to consider a motion for summary judgment. BFI Waste Sys. of Ohiov. Garfield Hts. (1994), 94 Ohio App.3d 62, 74. "A party who fails to comply with the provision of Civ.R. 56(F) waives any error in a trial court's premature ruling on a motion for summary judgment." Id.; see, also, Smith v. Capriolo (Apr. 11, 2001), 9th Dist. No. 19993.
 {¶ 8} The instant case commenced in September of 2002. On January 14, 2003, appellants filed a motion requesting the trial court to issue an order to compel discovery and sanction appellee for its failure to answer interrogatories. The court did not rule on appellants' January 14, 2003 motion. On May 20, 2003, appellee filed a motion for partial summary judgment as to appellants' negligent infliction of emotional distress claim. On May 28, 2003, appellants responded by filing a motion for a continuance of the court's ruling on the motion for partial summary judgment pursuant to Civ.R. 56(F). In that motion, appellants requested that the court compel appellee to comply with their discovery requests and appellants attached a notarized affidavit with six exhibits demonstrating their unsuccessful efforts to obtain the discovery from appellee. Appellants stated the discovery that appellee failed to give them deprived them of the ability to adequately respond to appellee's motion for partial summary judgment. The court did not rule on appellants' May 28, 2003 motion.
 {¶ 9} On June 3, 2003, appellants filed a second motion requesting the court to compel discovery and to sanction appellee for its refusal to comply with their repeated requests for discovery. In the motion, appellants requested a hearing before the court on the matter, along with attorney fees and costs in seeking the order. The court did not rule on the June 3, 2003 motion. On June 27, 2003, appellants filed a motion to request, once again, that the court schedule a hearing on their two prior motions to compel discovery and for sanctions and costs against appellee.
 {¶ 10} On July 25, 2003, the trial court ruled on appellee's May 20, 2003 motion and granted partial summary judgment to appellee as to the negligent infliction of emotional distress claim. In its order, the trial court mentioned only appellants' June 27, 2003 motion and stated "no discovery could change the fact that Plaintiff has not tested positive for HIV." The court further concluded that no opportunity to receive discovery could change that fact, and denied that motion.
 {¶ 11} The record before this Court reveals that appellants correctly utilized Civ.R. 56(F) in an attempt to seek a continuance of the trial court's ruling on appellee's motion for partial summary judgment. In their May 28, 2003 motion, appellants provided an affidavit and exhibits which demonstrated their numerous unsuccessful requests, both to appellee and to the trial court, to obtain appellee's answers to certain interrogatories. Appellants provided evidence to demonstrate that appellee had not complied with their discovery requests and, as a result, appellants were unable to obtain certain crucial facts necessary to prepare their response to appellee's motion for partial summary judgment.
 {¶ 12} This Court finds that the trial court erred in not granting appellants a continuance to defend their negligent infliction of emotional distress claim against appellee's motion for partial summary judgment. The record reveals the trial court never ruled on any of appellants' motions to compel discovery prior to appellee's motion for partial summary judgment, nor did it rule on either appellants' May 28, 2003 responsive motion to continue and compel discovery or their June 3, 2003 motion for a hearing on the discovery matter. The court only ruled upon appellants' June 27, 2003 motion, which was their fourth request to compel discovery and their second request for a hearing before the court, as a secondary matter within its order granting appellee partial summary judgment.
 {¶ 13} Moreover, the trial court incorrectly concluded that further discovery was unnecessary to oppose the summary judgment motion since Amanda Galland had not tested positive for the HIV virus. The Ohio Supreme Court has held that "[n]egligently inflicted emotional and psychiatric injury sustained by a plaintiff who also suffers contemporaneous physical injury * * * need not be severe and debilitating to be compensable." Binns v.Fredendall (1987), 32 Ohio St.3d 244, paragraph one of the syllabus. Amanda suffered a puncture wound to her foot which appellants claim led to their emotional and psychiatric injuries, namely Amanda's fear of needles and the possibility that she could contract HIV from potential exposure to the virus through the contaminated suture needle.
 {¶ 14} Although appellee argues that Heiner v. Moretuzzo
(1995), 73 Ohio St.3d 80, is controlling to the instant case, this Court disagrees. In Heiner, appellant filed suit for negligent infliction of emotional distress against appellees because she had been misdiagnosed as testing positive for the HIV virus. The Ohio Supreme Court held that the appellant could not recover for negligent infliction of emotional distress under the facts of the case because she had no physical injury related to the misdiagnosis and her distress involved only fear of a nonexistent peril. Heiner, 73 Ohio St.3d at 85-88. The instant case is easily distinguishable from Heiner in that Amanda suffered a contemporaneous physical injury when her foot was punctured by the contaminated suture needle and that exposure resulted in the possibility of her contracting the HIV virus from that blood contact, which is why appellee paid for her to undergo numerous blood tests for the virus.
 {¶ 15} As appellants successfully complied with Civ.R. 56(F) and there may exist an independent cause of action for negligent infliction of emotional distress, this Court finds the trial court abused its discretion by prematurely ruling on appellee's motion for partial summary judgment without first granting appellants' motion for a continuance to complete discovery.
 {¶ 16} Appellants' first and third assignments of error are sustained.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred by granting defendant partial summary judgment finding plaintiff's injuries were unrelated to the fear of contracting a serious disease, such as hiv."
 FOURTH ASSIGNMENT OF ERROR
"The trial court erred by granting defendant partial summary judgment where reasonable minds could conclude that plaintiffs suffered emotional distress over the fear of contracting hiv due to defendant's negligence."
 {¶ 17} Due to our disposition of appellants' first and third assignments of error, this Court declines to address appellants' second and fourth assignments of error.
 III. {¶ 18} Accordingly, the judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J., Batchelder, J., Concur.