OPINION *Page 2 
{¶ 1} Defendant-appellant George Toney appeals from the decision of the Steubenville Municipal Court, which granted summary judgment in favor of plaintiff-appellee Capital One Bank. The main issues on appeal are whether the court erred in denying appellant's motion for a more definite statement where no copy of the account was attached to the complaint and whether the court properly granted summary judgment. For the following reasons, the entries denying the motion for a more definite statement and granting summary judgment are both reversed, and this case is remanded for further proceedings.
 STATEMENT OF THE CASE {¶ 2} On October 1, 2004, Capital One filed a complaint against appellant alleging that he defaulted on a line of credit extended to him. The complaint claimed that appellant owed $1,491.81 plus interest at 4% per annum from July 30, 2004. An affidavit was attached from an agent for Capital One attesting that appellant owed $1,506.11 plus 10% interest from July 30, 2004. Also attached was a receipt from the office of Capital One's attorney showing that appellant made a payment to counsel on September 14, 2004 in the amount of $14.30, leaving a balance of $1,491.81.
 {¶ 3} On November 2, 2004, appellant filed a motion for a more definite statement. Specifically, he sought the form of the credit extension and the details concerning how much credit was extended on what dates. He also demanded a copy of the account. On November 12, 2004, Capital One opposed this motion urging that its complaint was not so vague that a reasonable party could not be expected to frame a response. Capital One argued that the details sought were topics for discovery not for a complaint filed under Ohio's liberal notice pleading rule.
 {¶ 4} When no ruling on the motion was forthcoming, Capital One filed a September 20, 2005 request for a judicial determination on appellant's motion for a more definite statement. On February 14, 2006, the court finally ruled on and denied appellant's motion. No statement instructing the clerk to serve the parties was endorsed on said ruling, and the clerk did not note service in the docket. *Page 3 
 {¶ 5} On March 23, 2006, Capital One filed a motion for default judgment.[1] Thus, appellant filed an answer on March 28, 2006, denying all allegations in the complaint except the one stating that he applied for an extension of credit. He also set forth a defense of accord and satisfaction.
 {¶ 6} On April 7, 2006, Capital One filed notice of service of certain discovery requests. On May 22, 2006, Capital One filed a request to file its motion for summary judgment instanter. In support of summary judgment, Capital One submitted the same affidavit attached to its complaint and urged that appellant had to specifically counter its allegations by something more than a mere denial. Capital One also attached its unanswered April 7 request for interrogatories, admissions and production of documents. Capital One argued that appellant's failure to respond to its discovery packet meant that the requested admissions may be taken as true.
 {¶ 7} Notice was sent to the parties and counsel assigning the case for a July 7, 2006 summary judgment hearing. The docket shows that a combined magistrate's decision and trial court entry was filed that day granting Capital One leave to file the motion for summary judgment instanter; the entry itself cannot be found in the file. Then, on July 11, 2006, four days after granting leave to file, the trial court granted summary judgment to Capital One for $1,491.81 plus interest at 4% per annum as requested.
 {¶ 8} Appellant filed timely notice of appeal from the grant of summary judgment and from the denial of his motion for a more definite statement. He sets forth three assignments of error on appeal.
 APPELLEE'S INITIAL ARGUMENT {¶ 9} Before proceeding, we shall address Capital One's initial argument that we must affirm merely because appellant failed to submit a transcript from the magistrate's hearing. This argument is wholly without merit.
 {¶ 10} It is well-established that we cannot view a magistrate's transcript if such was not submitted to the trial court. Petty v.Equitable Prod. E. States Oil Gas, Inc., 7th Dist. No. 05MA80,2006-Ohio-887, ¶ 19, 22. In this case, appellant could not *Page 4 
file objections, let alone order a transcript to submit to the trial court because no magistrate's decisions were filed regarding the decisions at issue. As such, it is not magistrate's decisions which are being reviewed here.
 {¶ 11} We also must point out that transcripts of hearings containing only oral arguments are not required in order to appeal legal issues. See Meassick v. Meassick, 7th Dist. No. 06MA34, 2006-Ohio-6245, ¶ 11. There are no factual matters on appeal. The alleged faulty procedures, the sufficiency of the attachments to the complaint, and the entry of summary judgment, are legal matters. Thus, any alleged transcripts (whether from magistrate hearings or trial court hearings) are unnecessary for our purposes. See id. See, also, Petty, 7th Dist. No. 05MA80. Consequently, Capital One's contention is meritless.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 12} Appellant's first assignment of error provides:
 {¶ 13} "THE LOWER COURT ERRED IN NOT FOLLOWING THE APPROPRIATE PROCEDURE MANDATED BY OHIO CIVIL RULE 53 REGARDING HEARING BY A MAGISTRATE AND RULE 19 OF THE RULES OF SUPERINTENDENCE FOR THE COURTS OF OHIO."
 {¶ 14} As appellant points out, municipal court magistrates must act pursuant to Civ.R. 53. See Sup.R. 19(B). That rule requires the magistrate to prepare a magistrate's decision respecting any referred matter. Civ.R. 53(D)(3)(a)(i).
 {¶ 15} "A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." Civ.R. 53(D)(3)(a)(iii).
 {¶ 16} The decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion unless the party timely and specifically objects to that factual finding or legal conclusion. Id. A timely objection must be filed with the trial court within fourteen days of the filing of the magistrate's decision. Civ.R. 53(D)(3)(b)(i).
 {¶ 17} Appellant begins by stating that a magistrate's decision on his motion for a more definite statement was not filed or served upon him. However, there is no *Page 5 
indication that a magistrate heard such motion. Rather, it appears the trial court denied the motion in its own judgment entry on February 14, 2006, after prompting from Capital One. Regardless, appellant is not prejudiced as we are reviewing the propriety of the trial court's decision on such matter under appellant's second assignment of error.
 {¶ 18} Appellant continues by claiming that the court's February 14, 2006 denial of his motion for a more definite statement was not served upon him. This contention is supported by the record. That is, the courtfailed to direct the clerk to serve appellant or his counsel byendorsing such direction on the judgment. Moreover, the clerk failed tonote service in the docket. These procedures are in violation of Civ.R. 58(B). Although Civ.R. 58(B) states that failure to serve notice does not affect the validity of the judgment, it can affect the progress of the case thereafter on issues such as timeliness in responding. The effect of the violation will be further explained below.
 {¶ 19} Appellant next complains that Capital One's summary judgment motion was heard by a magistrate, but the magistrate violated Civ.R. 53 when its decision was not filed or served on him. Due to the procedural irregularities occurring around the time of the so-called magistrate's hearing, it is difficult to pinpoint exactly which magistrate's decision he claims was not filed and served upon him.
 {¶ 20} According to the last hearing notice, Capital One's summary judgment motion was set for hearing on July 7. We note that the file contains a decision signed by the magistrate that day acknowledging that a hearing was held and purporting to grant default judgment. Yet, that decision was not date-stamped and thus was not truly filed. There is also no indication that it was served upon the parties so that appellant could file objections under Civ.R. 53. However, the magistrate's decision purporting to grant default judgment, albeit erroneous, is not an issue on appeal because the trial court never granted default judgment or otherwise adopted that decision. Rather, the issues on appeal are the denial of the motion for a more definite statement and the grant of summary judgment.
 {¶ 21} In the alternative, appellant may be complaining about the fact that the docket shows that on July 7, 2007, the magistrate and trial court filed a joint decision granting Capital One leave to file its summary judgment motion instanter. Whether *Page 6 
notice was endorsed upon the entry for service upon appellant is unknown because this decision is not in the file. Regardless, appellant did not oppose the instanter request below, and he does not make any arguments on appeal concerning the grant of leave to file instanter. Rather, the argument on appeal concerns the grant of summary judgment itself a few days later.
 {¶ 22} Thus, appellant's actual complaint here may be the fact that a magistrate was assigned to hear the summary judgment matter but the trial court itself ended up entering a decision on the final issue of summary judgment. As will be seen infra, due to the fact that only a request for leave to file instanter was outstanding, a magisterial decision granting summary judgment as a result of the "summary judgment hearing" would have been improper. When leave to file instanter is thereafter permitted, there is no inherent problem with a judge subsequently ruling on the purely legal matter of the summary judgment motion instead of leaving it for the magistrate.
 {¶ 23} In conclusion, there were some procedural problems encountered in the Steubenville Municipal Court that should be avoided by the trial court and the magistrate in the future. Whether a remedy is available for the problem acknowledged under this assignment of error (concerning the failure to serve appellant with notice of the February 16, 2006 judgment) depends upon the effect of the failure on the remaining issues presented. Thus, we reserve judgment until the final analysis.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 24} Appellant's second assignment of error provides:
 {¶ 25} "THE LOWER COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A DEFINITE STATEMENT WHEN THE PLAINTIFF'S COMPLAINT DID NOT COMPLY WITH OHIO CIVIL RULE 10(D) THAT REQUIRES PLAINTIFF TO ATTACH A COPY OF AN ACCOUNT TO THE PLEADINGS."
 {¶ 26} Pursuant to Civ.R. 12(E), if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. Such motion shall point out the defects complained of and the details desired. Civ.R. 12(E).
 {¶ 27} As aforementioned, appellant's November 2, 2004 motion for a more definite statement asked for various clarifications. The court denied the motion on *Page 7 
February 14, 2006. The clarification issue raised on appeal is the request for a copy of the account, which appellant claims should contain the dates and amounts of each transaction. Appellant contends that he required a copy of the account showing all of the charges in order to formulate an answer. Appellant concludes that the failure to attach an actual copy of the account was deficient and thus his motion for a more definite statement should have been granted.
 {¶ 28} Capital One initially claims that its complaint complied with Ohio's liberal pleading requirements since it stated the type of account, appellant's name, the amount due, the interest rate sought and the fact of a delinquency. Under Ohio's notice pleading rule, the complaint need only set forth a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment for the relief to which the party claims to be entitled. Civ.R. 8(A).
 {¶ 29} As Capital One cites, this court has held that a complaint for money on an account need only allege the defendant's name and address, the amount owed, and the period of time the debt accrued. C-Z Constr.Co. v. Russo, 7th Dist. No. 02CA148, 2003-Ohio-4008, ¶ 13. However, there was no contention in that case about a failure to attach the account. See id. In fact, when we recited the pleading's requirements, we were merely responding to an argument that the plaintiff was required to aver that the purchases were for personal use. See id.
 {¶ 30} As noted above, appellant's argument here deals with the failure to attach a copy of the account, not the contents of the complaint itself. Thus, despite Capital One's statements regarding the scope of notice pleading under Civ.R. 8(A), the issue here involves a more specific rule, Civ.R. 10(D). This rule provides that when a claim is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. Civ.R. 10(D).
 {¶ 31} If the account or written instrument is not attached, the reason for the omission must be stated in the pleading. Id. A Civ.R. 12(E) motion for a more definite statement is the proper vehicle for seeking the account required to be attached under Civ.R. 10(D).Presidential Square Condo. Assn. v. Slabochova, 7th Dist. No 03MA111,2004-Ohio-2936, ¶ 8; McCamon-Hunt Ins. Agency v. Medical Mutual ofOhio, 7th Dist. No. 02CA23, 2003-Ohio-1221, ¶ 12. *Page 8 
 {¶ 32} Appellant urges that a mere affidavit stating the balance and interest rate is not sufficient compliance with Civ.R. 10(D). Capital One responds that the agent's affidavit attached to the complaint sufficiently established the account as it set forth appellant's name, the amount due, the contracted interest rate, the delinquency date of July 30, 2004 and the account number.
 {¶ 33} Initially, we note that the account number is not labeled as such. Rather, it is apparently one of three sets of unidentified numbers displayed across the top of the affidavit. We also note that the complaint and affidavit do not mention this was a credit card as appellant's motion asked; the complaint (and not the affidavit) merely stated there was an extension of credit. In any event, the threshold issue is whether an affidavit from the plaintiff's agent is sufficient to satisfy Civ.R. 10(D).
 {¶ 34} In response to any suggestion that this is not an action on an account, we first point out that even if this were simply a suit on a written instrument, the application for credit with its governing agreement was not attached to the complaint either. In any event, a suit concerning a credit card balance has been held to constitute an action on an account for purposes of Civ.R. 10(D)'s requirement that a copy of the account must be attached to the complaint. See Creditrust Corp. v.Richard (July 7, 2000), 2d Dist. No. 99CA94; Huntington Natl. Bank v.Twining (Feb. 21, 1991), 8th Dist. No. 60222. See, also, Citibank (SouthDakota) N.A. v. Lesnick, 11th Dist. No. 2005-L-0136, 2006-Ohio-1448. We agree with this position.
 {¶ 35} An action on an account is said to be a pleading device used when there is a series of transactions; it allows the creditor to consolidate several different claims against a debtor rather than filing suit on each purchase made but not paid. Dykeman v. Johnson (1910),83 Ohio St. 126; AMF, Inc. v. Mravec (1981), 2 Ohio App.3d 29, 31. Additionally, it has been held that in a complaint asserting an action on an account, the plaintiff must set forth an actual copy of therecorded account. Arthur v. Parenteau (1995), 102 Ohio App.3d 302, 305
(3d Dist.).
 {¶ 36} There is a basic distinction between an account and the mere balance of an account. Limited v. Lockhardt (1964), 2 Ohio App.2d 372,379 (where the Tenth District stated that whatever else an account may be, it must contain the charges and credits with sufficient particularity that their accuracy can be tested). In determining *Page 9 
the sufficiency of the account record attached to the complaint, various courts have utilized the following four-part test regarding the requirements of the attached record: (1) the debtor's name; (2) a beginning balance; (3) a list of dated items representing charges, debits and credits; (4) a summarization that shows a running or developing balance or allows calculation of the amount said to be due. Id.; Creditrust, 2d Dist. No. 99CA94; Broadway Resource Supply, Inc. v.West End Land Dev., Inc. (June 18, 1998), 8th Dist. No. 72632; Huntington, 8th Dist. No. 60222. See, also, American Security Serv. v.Baumann (1972), 32 Ohio App.2d 237, 239 (10th Dist.).
 {¶ 37} Civ.R. 10(D) specifically states that a copy of the account orwritten instrument must be attached to the complaint. It does not merely ask for attachment of evidence of the account or contract. If a copy of the account or written instrument is not attached, the rule specifies that the plaintiff must explain why. The explanation as to lack of a written account can even be supplied in response to a motion for a more definite statement. If the creditor never made a written record of the account, then an affidavit with sufficient details may be adequate compliance with Civ.R. 10(D) upon explanation. See Black v. Chesser
(1861), 12 Ohio St. 621, 622. But, such is not the case here.
 {¶ 38} Capital One did not attach a copy of an account or written instrument. The affidavit supplied does not have a beginning balance or a statement of the individual charges with dates or any credits and thus does not permit an independent summarization of the amount claimed to be due. Even if such detail were not required under Civ.R. 10(D), Capital One refused to explain why they relied on an affidavit as a substitute for a copy of the account despite being presented with appellant's motion. There is no indication they do not keep written records.
 {¶ 39} Considering all of the above, we conclude that this assignment of error has merit as the court erred in failing to grant appellant's motion for a more definite statement due to Capital One's violations of Civ.R. 10(D). Yet, there remains a question concerning the prejudice from and remedy for such error. The answer to such question lies in the arguments surrounding appellant's final assignment of error.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 40} Appellant's third assignment of error provides: *Page 10 
 {¶ 41} "THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF WHEN THE PLEADINGS IN THIS CASE SHOW A GENUINE ISSUE AS TO MATERIAL FACTS, AND NO MAGISTRATE'S DECISION WAS FILED."
 {¶ 42} Appellant points out that the trial court granted summary judgment on a defective pleading which was violative of Civ.R. 10(D). He urges that the pleadings establish a genuine issue of material fact. He also states that Capital One did not properly file its motion for summary judgment and thus he had no opportunity to respond with his own affidavits.
 {¶ 43} Capital One counters that appellant's failure to respond to its April 7, 2006 request for admissions constituted a binding admission to each request under Civ.R. 36. Capital One also claims that appellant failed to oppose summary judgment with evidence establishing a genuine issue of material fact. They cite Dresher v. Burt (1996),75 Ohio St.3d 293 for the proposition that a prior denial within an answer is insufficient to carry the burden of rebutting a summary judgment motion.
 {¶ 44} As set forth in the statement of the case above, notice of service of the request for admissions was filed by Capital One on April 7, 2006. Capital One asked that appellant respond within thirty days. On May 22, 2006, Capital One filed a request to file a summary judgment motion instanter. Capital One relied partly on appellant's failure to respond to the request for admissions.
 {¶ 45} Pursuant to Civ.R. 36(A), the matter in the request for admissions is considered admitted unless a written response or objection is made within the period designated in the request, which can be no less than twenty-eight days after service. However, the rule also allows the court to lengthen the time for response. Considering the occurrences in this case, such permission was necessary.
 {¶ 46} Initially, we must point out that tactically, one would not answer interrogatories or make admissions before receiving a ruling on one's motion for a more definite statement seeking a copy of the account upon which the suit was filed. The court did not deny appellant's motion until fifteen months after it was filed. Although the court filed its judgment two months prior to the request for interrogatories, such judgment was not filed in compliance with Civ.R. 58(B) as the court failed to *Page 11 
endorse an instruction to the clerk to serve the parties and the court thus never entered service in the docket. Accordingly, appellant remained unaware of the judgment at the time the request for admissions was served upon him.
 {¶ 47} The next problem is that for whatever reason, Capital One filed a request to file a motion for summary judgment instanter. This was a motion for permission to file a motion and not an actual motion. Thus, appellant had no obligation to respond to the merits of the summary judgment motion until the trial court granted Capital One leave to file such motion.
 {¶ 48} The court set the motion for a July 7 hearing. It appears this was done to provide the notice required by Civ.R. 56(C) as interpreted by the Supreme Court. See Hooten v. Safe Auto Ins. Co.,100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 22-23 (notice of cut-off date for filing responses is required in form of setting date for non-oral hearing or setting actual due-by dates). It also appears that the court did not realize until the July 7 date that Capital One's motion was actually a request to file instanter rather than a regular summary judgment motion. Although notice of a scheduled summary judgment hearing was provided, such notice is not a ruling on a request to file a motion instanter. Thus, any notice would be considered premature for purposes ofHooten.
 {¶ 49} In fact, on July 7, 2006, the day of the scheduled hearing, the magistrate and then the trial court granted Capital One leave to file its summary judgment motion. The entry specifically deems the summary judgment motion filed as of that date. This entry effectively recognizes that the scheduling notice was not sufficient to allow the instanter request.
 {¶ 50} Nevertheless, on July 11, 2006, a mere four days after granting leave to seek summary judgment instanter, the trial court entered summary judgment without waiting for a response. This action violated Civ.R. 56(C), which requires the court provide the non-movant at least fourteen days to respond and file opposing affidavits, andHooten, which requires notice of the cut-off date for filing responses to summary judgment. Obviously, the cut-off date must be after the accepted filing date of the summary judgment motion. Because the cut-off date here was never provided and because fourteen days had not passed from the true filing date of the summary judgment motion until the granting of summary judgment, appellant was not given a *Page 12 
fair opportunity to respond and file affidavits countering the motion for summary judgment. As such, this assignment of error has merit.
 CONCLUSION {¶ 51} Considering the various problems with the denial of appellant's motion for a more definite statement, appellant's failure to respond to the request for admissions cannot be used to establish Capital One's case at this time. Moreover, a non-movant is not expected to respond to a request to file for summary judgment instanter (unless he objects to the granting of leave itself). Rather, the non-movant's duty does not arise until the movant is given leave to file and the non-movant is provided with notice of a response cut-off date that is at least fourteen days after such leave is granted. The trial court's denial of the motion for a more definite statement and the grant of summary judgment are both reversed. This case is thus remanded with orders for Capital One to supplement its complaint by attaching a copy of the account and any written instrument evidencing the obligation or to explain why they must rely upon an affidavit and why the affidavit does not provide a list of charges and credits.
Donofrio, J., concurs.
Waite, J., concurs.
[1] We note that this motion was docketed and is physically in the file, but it is not file-stamped. We also note that there are many incidents of an incomplete file, an incomplete docket and confusing procedural events in this case, some of which directly contributed to the issues on appeal. *Page 1