[Cite as *M-N North Chase II, L.L.C. v. Rowe*, 2011-Ohio-4071.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| MN NORTH CHASE II, LLC | C.A. No.     25694 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| KENNETH ROWE | AKRON MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     10 CVF 05439 |

DECISION AND JOURNAL ENTRY

Dated: August 17, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}    M-N North Chase II LLC sued Kenneth Rowe for unpaid rent after Mr. Rowe vacated an apartment before his lease expired.  Mr. Rowe answered, alleging that he had been let out of the lease early.  North Chase served Mr. Rowe with requests for admissions, which Mr. Rowe did not answer on time.  The municipal court granted summary judgment to North Chase based on the admissions.  Mr. Rowe has appealed, assigning as error that the municipal court incorrectly granted summary judgment to North Chase.  We reverse because the trial court did not give Mr. Rowe an opportunity to file a response to North Chase's motion for summary judgment.

FACTS

{¶2}    Mr. Rowe signed a one-year lease for an apartment, which he completed without incident.  According to Mr. Rowe, shortly after he renewed his lease, he received a letter from

the owner of the building, telling him that it could not accept a subsidized housing voucher he had presented. The owner also, allegedly, told Mr. Rowe that, if he could find a facility that would accept the voucher, it would let him out of the lease early. According to Mr. Rowe, he found another apartment, complied with the conditions of release set out in the letter, and moved out of the apartment.

{¶3} In June 2010, North Chase sued Mr. Rowe for breach of contract, alleging that he had not paid any rent for the last eight months of his lease. Mr. Rowe answered, alleging that he had been released from the lease. On August 6, 2010, North Chase served Mr. Rowe with discovery requests, including requests for admissions, interrogatories, and requests for production of documents. The requests for admissions gave Mr. Rowe 28 days to answer them, the minimum required under Rule 36(A) of the Ohio Rules of Civil Procedure. On August 11, 2010, the municipal court entered a pretrial order, providing for discovery to be completed by September 20, for motions for summary judgment to be filed by September 30, and for responses to motions for summary judgment to be filed by October 18.

{¶4} On September 9, 2010, North Chase served Mr. Rowe with a motion for summary judgment, but did not file it. On September 13, it moved for leave to file its motion for summary judgment. On September 20, Mr. Rowe served his answers to North Chase's discovery requests and filed them with the court. In his responses to North Chase's requests for admissions, Mr. Rowe admitted that he signed a one-year lease, but denied that he owed North Chase anything because he had terminated the lease in accordance with a letter he received from the leasor.

{¶5} On October 25, 2010, the municipal court held a final pretrial conference. Mr. Rowe did not appear for the conference. That same day, North Chase filed, and the trial court granted, the motion for summary judgment that it certified it had served on September 9. In its

journal entry, the court noted that Mr. Rowe had not responded to North Chase's requests for admissions on time. It, therefore, deemed the requests admitted, even though Mr. Rowe had responded to the requests over a month earlier and within the time allowed for discovery. The court awarded North Chase judgment for the entire eight months of rent and late fees, without considering whether North Chase had a duty to mitigate its damages.

## SUMMARY JUDGMENT

{¶6} Mr. Rowe's assignment of error is that the municipal court incorrectly granted summary judgment to North Chase. He has argued that the lease he signed was not with North Chase but with an entity called "the Waterford at Portage Trail." He has also argued that he complied with all the conditions he had received regarding being let out of the lease early.

{¶7} We do not need to reach Mr. Rowe's substantive arguments because we conclude that the trial court violated his right to due process when it granted North Chase's motion for summary judgment without giving him an opportunity to respond to it. Under Rule 56(C) of the Ohio Rules of Civil Procedure, a motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits." The trial court scheduled a final pretrial conference for Monday, October 25, 2010, and a bench trial for Friday, October 29, 2010. It granted North Chase's motion for summary judgment on October 25, the same day North Chase filed it and still four days before the day set for trial.

{¶8} "As applied to summary judgment, procedural due process requires that a non-moving party have an opportunity to respond before the adjudication of a motion for summary judgment." *Village of Harbor View v. Jones*, 10th Dist. Nos. 10AP-356, 10AP-357, 2010-Ohio-6533, at ¶37; *State ex rel. Thernes v. United Local Sch. Bd. Dist. of Educ.*, 7th Dist. No. 07 CO

45, 2008-Ohio-6922, at ¶45. "[Civil Rule 56's] procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St. 3d 8, 2003-Ohio-4829, at ¶34.

**{¶9}** Although North Chase served Mr. Rowe with its motion for summary judgment in September 2010, Mr. Rowe did not have an obligation to respond to the motion until the court granted North Chase leave to file and North Chase actually filed the motion with the court. See *Capital One Bank v. Toney*, 7th Dist. No. 06 JE 28, 2007-Ohio-1571, at ¶47 (concluding nonmoving party "had no obligation to respond to the merits of summary judgment motion until the trial court granted [moving party] leave to file such motion"); *Brengman v. Glass*, 10th Dist. No. 92AP-522, 1992 WL 249603 at *1 (Oct. 1, 1992). The court, however, gave Mr. Rowe no opportunity to respond to the motion after its filing, entering its ruling only one minute later. We, therefore, conclude that the municipal court violated Mr. Rowe's due process rights.

**{¶10}** Because Mr. Rowe failed to answer North Chase's requests for admissions on time, we must consider whether the municipal court's error was harmless. Under Rule 61 of the Ohio Rules of Civil Procedure, "[n]o error . . . in anything done . . . by the court or any of the parties is ground for . . . setting aside . . . a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

**{¶11}** Because Mr. Rowe did not receive any time to respond to North Chase's motion for summary judgment after it was filed, he did not have the opportunity to ask the court for an extension of the requests for admissions deadline, to move to withdraw his admissions, or to argue that, notwithstanding the facts deemed admitted, North Chase was not entitled to judgment

as a matter of law. We, therefore, conclude that the municipal court's error in awarding judgment to North Chase was not harmless. Mr. Rowe's assignment of error is sustained.

## CONCLUSION

{¶12} The municipal court should have given Mr. Rowe an opportunity to respond to North Chase's motion for summary judgment after North Chase filed it. The judgment of the Akron Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
<u>CONCUR</u>

<u>APPEARANCES:</u>

KENNETH ROWE, pro se, Appellant.

SARAH S. GRAHAM, Attorney at Law, for Appellee.