[Cite as *Premier Restoration & Mechanical Sys., Inc. v. Arlington Arms Apts., L.L.C.*, 2016-Ohio-1152.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| PREMIER RESTORATION & MECHANICAL SYSTEMS, INC., | : | |
| | : | CASE NO. CA2015-09-173 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | | 3/21/2016 |
| - vs - | : | |
| | : | |
| ARLINGTON ARMS APARTMENTS, LLC, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014-09-2579

Combs, Schaefer, Atkins, & Little, Edward B. Schaefer, 1081 North University Blvd., Suite B, Middletown, Ohio 45042, for plaintiff-appellee

Joseph R. Matejkovic, 9078 Union Centre Blvd., Suite 350, West Chester, Ohio 45069, for defendant-appellant, Kensington Ridge Partners, LLC

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Kensington Ridge Partners, LLC ("Kensington"), appeals from a decision of the Butler County Court of Common Pleas granting summary judgment to plaintiff-appellee, Premier Restoration & Mechanical Systems, Inc. ("Premier Restoration"), on Premier Restoration's complaint to recover funds due for rendered repair services. For

the reasons set forth below, we reverse and remand the matter for further proceedings.

{¶ 2} On September 26, 2014, Premier Restoration filed a complaint against Arlington Arms Apartments, LLC ("Arlington Arms") and Kensington to collect an outstanding balance due on the defendants' account for HVAC, plumbing, and other repair services. The complaint alleged Kensington owned Arlington Arms and that Premier Restoration had "entered into an oral agreement" for repair services at the apartment complex. Arlington Arms did not file an answer or otherwise appear in the case, and default judgment was entered against it. Kensington filed an answer denying the allegations set forth in the complaint, and the parties engaged in discovery.

{¶ 3} On February 20, 2015, the trial court issued a pretrial order in which the court set a bench trial for September 11, 2015, and established August 1, 2015 as the deadline for filing motions for summary judgment. Thereafter, on July 31, 2015, Premier Restoration filed a motion to extend the pretrial deadlines, a motion for leave to file a motion for summary judgment, and a motion for summary judgment against Kensington. Kensington did not file a response to any of the foregoing motions.

{¶ 4} On August 27, 2015, the trial court denied Premier Restoration's request to extend the pretrial deadlines, granted Premier Restoration's motion for leave to file a motion for summary judgment, and granted summary judgment to Premier Restoration in the amount of $27,083.42, plus interest in the amount of three percent and court costs. The court's order granting leave was file-stamped at 9:26 a.m. and the entry granting summary judgment was file-stamped at 9:27 a.m.

{¶ 5} Kensington timely appealed, raising the following as its sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN IT GRANTED SUMMARY JUDGMENT.

{¶ 7} In its sole assignment of error, Kensington argues the award of summary judgment should be reversed as its due process rights were denied when the trial court awarded summary judgment to Premier Restoration without allowing Kensington a fair opportunity to respond to the motion. Kensington also argues summary judgment should be reversed as the trial court failed to conduct an "independent review and assessment of the evidence in support of the prayer for relief." We begin by addressing Kensington's due process claim.

{¶ 8} "Procedural due process demands that a trial court allow a non-moving party time for a fair opportunity to respond before ruling on a motion for summary judgment." *Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-716, 2015-Ohio-1558, ¶ 11, citing *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 40. A trial court's local rules generally designate the deadline for filing a response to a motion for summary judgment. *Id.*; *Hooten* at ¶ 33. Here, the applicable local rule states that "[u]nless an extension of time is granted for good cause shown, any memorandum in opposition to a motion * * * shall be filed within twenty-one (21) days of the service of the motion." Loc.R. 6.02(D) of the Butler County Court of Common Pleas, General Division.

{¶ 9} The submittal of a motion for leave to file a motion for summary judgment complicates the application of Loc.R. 6.02(D). *See, e.g., Miller*, 2015-Ohio-1558 at ¶ 12. "When the moving party seeks leave to file a motion for summary judgment, the non-moving party has no obligation to respond to the merits of the summary judgment motion until the trial court grants leave to file that motion." *Id.*, citing *M-N North Chase II, LLC v. Roe*, 9th Dist. Summit No. 25694, 2011-Ohio-4071, ¶ 9. *See also Maddox v. E. Cleveland*, 8th Dist. Cuyahoga No. 92673, 2009-Ohio-6308, ¶ 43-44; *Capital One Bank v. Toney*, 7th Dist. Jefferson No. 06 JE 28, 2007-Ohio-1571, ¶ 47. It is not until the trial court grants the motion for leave that the 21-day response period set forth in Loc.R. 6.02(D) begins to run. *See, e.g.,*

*Miller* at ¶ 12; *Cheap Escape Co. v. Tri-State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, ¶ 31 (10th Dist.).  If the trial court rules on the motion for summary judgment prior to the expiration of the 21-day period, the court has "contravene[d] the non-moving party's right to a fair opportunity to respond."  *Miller* at ¶ 12.

{¶ 10} Here, Premier Restoration filed a motion for leave to file a summary judgment motion, thereby seeking the court's permission to move for judgment.  Kensington had no obligation to respond to the merits of the summary judgment motion until the trial court granted leave for the filing of such motion.  *See Toney* at ¶ 47.  The trial court granted Premier Restoration leave to file a motion for summary judgment on August 27, 2015.  Pursuant to Loc.R. 6.02(D), Kensington should have been given at least until September 17, 2015, to file a responsive memorandum in opposition.  By granting Premier Restoration's motion for summary judgment only seconds after granting leave for the filing of the motion, the trial court denied Kensington a fair opportunity to respond and be heard on the motion.

{¶ 11} We therefore sustain Kensington's assignment of error.  The decision of the trial court awarding summary judgment to Premier Restoration is vacated and the matter remanded to permit Kensington the opportunity to file a memorandum in opposition to the motion in accordance with Civ.R. 56(C) and Loc.R. 6.02(D).

{¶ 12} Judgment reversed and remanded.

PIPER, P.J., and RINGLAND, J., concur.