[Cite as *U.S. Bank Trust, N.A. v. Antoine*, 2019-Ohio-3868.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

U.S. BANK TRUST, N.A., AS TRUSTEE, ETC.

     Appellee

     v.

SHAUNNAH R. ANTOINE, aka SHUNNAH ANTOINE, et al.

     Appellant

C.A. No.     28990

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2017-06-2537

DECISION AND JOURNAL ENTRY

Dated: September 25, 2019

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Shaunna Antoine, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment to Plaintiff-Appellee, U.S. Bank Trust, N.A., on its complaint in foreclosure. For the reasons that follow, this Court affirms.

I.

**{¶2}** U.S. Bank filed its complaint in foreclosure on June 19, 2017, alleging that Ms. Antoine had defaulted on a note and seeking to enforce the mortgage securing U.S. Bank's interest in the subject property located at 1082 Roslyn Avenue in Akron, Ohio. On August 15, 2017, Ms. Antoine appeared pro se to file a motion to dismiss the complaint. In her motion, Ms. Antoine argued that she had not been served with the complaint because she temporarily moved from the 1082 Roslyn Avenue address to 1212 Arnold Street in Akron, Ohio. Subsequently,

U.S. Bank filed a praecipe to serve Ms. Antoine at the 1212 Arnold address listed in her motion. The trial court denied Ms. Antoine's motion and ordered her to file a responsive pleading.

{¶3} The trial court held a pretrial conference on August 31, 2017, and issued an order establishing a deadline requiring that "[a]ll dispositive motions shall be filed on or before **November 1, 2017.**" (Emphasis sic.) U.S. Bank filed a motion for summary judgment on October 3, 2017. Counsel for U.S. Bank certified that a copy of the motion was sent to Ms. Antoine by ordinary U.S. mail at the 1212 Arnold Street address. On October 18, 2017, the trial court granted the motion for summary judgment and entered a decree of foreclosure.

{¶4} Counsel for Ms. Antoine appeared and filed a Civ.R. 60(B) motion to vacate on October 26, 2017. In the motion, Ms. Antoine argued that U.S. Bank failed to certify that a copy of the motion had been served on her in any manner and, in fact, failed to serve her with a copy of the motion. On this basis, Ms. Antoine argued that she was unable to demonstrate why U.S. Bank was not entitled to summary judgment. Additionally, Ms. Antoine asserted that timing of the trial court's ruling on the motion for summary judgment deprived her of an opportunity to file her own dispositive motion. Ms. Antoine also argued that she had a meritorious defense to present because "she believes that [U.S. Bank] has failed to demonstrate that they are the real party in interest or that she is in privity with [U.S. Bank] in any manner which would allow [U.S. Bank] to pursue this action[]."

{¶5} Ms. Antoine appealed the judgment entry and decree of foreclosure to this Court on November 17, 2017. While the first attempted appeal was pending, the trial court issued an order denying Ms. Antoine's motion for relief from judgment. However, the trial court lacked jurisdiction to rule on Ms. Antoine's Civ.R. 60(B) motion to vacate while an appeal from the judgment was pending before this Court. *Kowalski v. Smith*, 9th Dist. Wayne No. 10CA0038,

2011-Ohio-2709, ¶ 4, quoting *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147 (1994) (During the pendency of an appeal, the trial court is divested of jurisdiction to consider a Civ.R. 60(B) motion unless the reviewing court confers jurisdiction through an order remanding the matter for the purpose of considering the motion.). "When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void." *Kitson v. Gordon Food Serv.*, 9th Dist. No. 15CA0078–M, 2016–Ohio–7079, ¶ 6.

{¶6} This Court dismissed the attempted appeal for lack of a final appealable order on January 3, 2018. The trial court issued an amended judgment entry and decree of foreclosure on February 27, 2018. Ms. Antoine appealed the amended judgment entry and subsequent order of sale, and presents one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred as a matter of law, abused its discretion, and violated [Ms. Antoine]'s due process rights when it granted summary judgment in this case prior to its deadline for the parties to file dispositive motions.**

{¶7} In her assignment of error, Ms. Antoine contends that the trial court erred by setting a dispositive motion deadline, and then ruling on U.S. Bank's motion for summary judgment before the dispositive motion deadline and "essentially ending the case before [Ms. Antoine] * * * had an opportunity to file any dispositive motions[.]"

{¶8} Civ.R. 56(A) permits a party seeking affirmative relief to move for summary judgment, after the action has been set for pretrial or trial, only with leave of court. Similarly, Civ.R. 56(B) states that when an action has been set for pretrial or trial, a defending party may file a motion for summary judgment only with leave of court. The trial court issued an order that

gave leave to both Ms. Antoine and U.S. Bank to file dispositive motions as of September 1, 2017, and through the established deadline of November 1, 2017.

{¶9} On October 3, 2017, less than a month before the deadline for filing a dispositive motion, U.S. Bank filed its motion for summary judgment. The version of Civ.R. 56 then in effect provided:

> The motion shall be served in accordance with Civ.R. 5. *Unless otherwise provided by local rule or by order of the court*, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion, and the movant may serve reply arguments within fourteen days after service of the adverse party's response.

(Emphasis added.) Civ.R. 56(C), effective Jul. 1, 2015 to Jul. 1, 2019. The trial court's order establishing the dispositive motion deadline did not otherwise dictate a response time or hearing date for dispositive motions, nor did it purport to alter any party's obligation to timely respond to an opposing party's dispositive motion. However, Summit County Local Rule 7.14(C)(1) provides that "[a] party opposing a motion for summary judgment made pursuant to [Civ.R.] 56 may file a brief in opposition with accompanying evidentiary materials (as permitted by [Civ.R.] 56(C) within fourteen (14) days of service of the motion."

{¶10} The fourteen days provided by Loc.R. 7.14(C)(1) passed without a response from Ms. Antoine in opposition to the motion. The trial court granted U.S. Bank's motion on October 18, 2017—fifteen days after U.S. Bank filed the motion. Nonetheless, Ms. Antoine argues that the ruling was "premature" and contends that the trial court abused its discretion when it "resolved the issues pending before the court without even taking into consideration [Ms. Antoine]'s ability to file motions or [her] position."

{¶11} "[A] trial court has the inherent power to control its own docket and the progress of proceedings in its court." *Pavarini v. City of Macedonia*, 9th Dist. Summit No. 20250, 2001

WL 390070, *3 (Apr. 18, 2001). Accordingly, this Court reviews docketing decisions—such as the trial court's procedural decisions regarding the filing, hearing, and disposition of a motion for summary judgment—for an abuse of discretion. *See id.*, *see also GMAC Mtge., L.L.C. v. Jacobs*, 196 Ohio App.3d 167, 2011-Ohio-1780, ¶ 7 (reviewing a trial court's denial of a motion for an extension of time for an abuse of discretion), *McLemore v. Mosley*, 9th Dist. Lorain No. 97CA006852, 1998 WL 470024, *2 (holding that a trial court does not abuse its discretion by ruling without an oral hearing once the matter is ripe for review), *Galland v. Meridia Health Sys., Inc.*, 9th Dist. Summit No. 21763, 2004-Ohio-1416, ¶ 6 (reviewing a denial of Civ.R. 56(F) motion to defer ruling on summary judgment to allow for discovery for an abuse of discretion). An abuse of discretion involves more than an error of law or judgment; a trial court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} Ms. Antoine has not cited to any authority to support her contention that she had a substantive right to file a dispositive motion through November 1, 2017. We note that, "[a]s applied to summary judgment, procedural due process requires that a nonmoving party have an opportunity to respond before the adjudication of a motion for summary judgment." *M-N N. Chase II, L.L.C. v. Roe*, 9th Dist. Summit No. 25694, 2011-Ohio-4071, ¶ 8, quoting *Village of Harbor View v. Jones*, 10th Dist. Franklin No. 10AP-356, 2010-Ohio-6533, ¶ 37. However, once the required filings are in the record, the trial court is free to rule on a pending motion for summary judgment. *See McLemore*; *Galland* at ¶ 7 ("It is well settled that, when a party fails to request a continuance, or when such a continuance is not supported by affidavits pursuant to Civ.R. 56(F), a trial court is free to consider a motion for summary judgment.").

{¶13}   While it is clear that the trial court was required to provide Ms. Antoine with the opportunity to respond to U.S. Bank's motion for summary judgment, Ms. Antoine has failed to establish that the permissive *leave* to file provided her with any vested *right* to file a summary judgment motion under the circumstances of this case.  The parties had leave to file a motion for summary judgment as early as September 1, 2017.  U.S. Bank submitted its motion on October 3, 2017.  The trial court entered judgment effectively terminating the case on October 18, 2017: fourteen days before the leave to file dispositive motions would have otherwise expired.  Thus, the record shows that the trial court afforded Ms. Antoine the fourteen days required by Loc.R. 7.14(C)(1) to oppose U.S. Bank's motion for summary judgment before it proceeded to rule on the motion.

{¶14}   By granting U.S. Bank's motion for summary judgment, the trial court made the determination that no genuine issues of material fact were in dispute and that reasonable minds could only conclude that U.S. Bank was entitled to judgment as a matter of law.  Consequently, that decision eliminated any basis for Ms. Antoine to move for summary judgment.  Had Ms. Antoine successfully defended U.S. Bank's motion for summary judgment, the case could have remained pending and Ms. Antoine would have been free to file her own dispositive motion through the November 1, 2017 cut-off.  However, Ms. Antoine has failed to demonstrate that the trial court was under any obligation to refrain from ruling on U.S. Bank's summary judgment motion.  Therefore, we cannot conclude that the trial court abused its discretion by granting summary judgment and disposing of the matter prior to expiration of the leave granted to the parties to file dispositive motions.

{¶15}   Regarding the additional arguments Ms. Antoine raised in her merit brief and during oral argument, this Court remains cognizant of the scope of our review on appeal.  As we

have previously held, "[a]n appellant's captioned assignment of error 'provides this Court with a roadmap on appeal and directs this Court's analysis.'" *State v. Pleban*, 9th Dist. Lorain No. 10CA009789, 2011–Ohio–3254, ¶ 41, quoting *State v. Marzolf*, 9th Dist. Summit No. 24459, 2009–Ohio–3001, ¶ 16. Ms. Antoine raised a single assignment of error challenging the trial court's decision to enter summary judgment prior to the deadline it set for the parties to file dispositive motions. Within this assignment of error, Ms. Antoine attempts to raise additional arguments contending that the trial court abused its discretion and violated her due process rights by considering the motion U.S. Bank allegedly failed to serve upon her, and that the trial court erred by granting summary judgment where Ms. Antoine had no opportunity to address the motion. These arguments relate not to the assigned error contending that the trial court prematurely entered judgment and deprived Ms. Antoine of the ability to file dispositive motions, but rather to the propriety of trial court's decision to grant summary judgment. This Court will not address arguments, such as these, that fall outside the scope of an appellant's captioned assignment of error. See *Pleban* at ¶ 41.

{¶16} Ms. Antoine's assignment of error is overruled.

III.

{¶17} Ms. Antoine's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KANI HARVEY HIGHTOWER, Attorney at Law, for Appellant.

ANN MARIE JOHNSON, Attorney at Law, for Appellee.