[Cite as *State v. Morrow*, 2016-Ohio-460.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15 CA 16 |
| EDWARD JOSEPH MORROW, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Guernsey County Court of Common Pleas, Case No.14-CR-209

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 4, 2016

APPEARANCES:

For Plaintiff-Appellee

JASON FARLEY
Assistant Prosecutor
139 West 8th Street
Box 139
Cambridge, OH 43725

For Defendant-Appellant

ROGER SOROKA
JOSHUA BEDTELYON
503 South Front Street, Ste. 205
Columbus, OH 43215

*Gwin, P.J.*

{¶1}   Appellant Edward Joseph Morrow, Jr.  ["Morrow"] appeals his convictions and sentences after a negotiated guilty plea in the Guernsey County Court of Common Pleas to four counts of corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a), felonies of the fourth degree.

*Facts and Procedural History*

{¶2}   Morrow was arraigned on November 13, 2014 and entered a not guilty plea to all four counts. Each of the four counts allege that Morrow did knowingly furnish or administer marijuana to a juvenile who was at least two years Morrow's junior, when Morrow knew the age of the juvenile or was reckless in that regard.

{¶3}   On January 15, 2015, the trial court revoked Morrow's bond on the ground that he had been charged in Cambridge Municipal Court with domestic violence against his mother, and that he had tested positive for opiates and benzodiazepines while on pretrial release in the pending felony case.

{¶4}   On February 3, 2015 a negotiated plea deal was reached. The terms of this plea deal were Morrow would enter guilty pleas to all four counts contained in the indictment, a presentence investigation report ["PSI"]  would be ordered, there would be no restitution sought, each side would argue for appropriate sentence, and the state would liken the offense to drug trafficking and argue for a term of incarceration. The guilty pleas were accepted by the trial court and Morrow was convicted on all charges.

{¶5}   A sentencing hearing was held on May 21, 2015. Morrow was sentenced to twelve months on each count, to be served consecutively, for a total of four years.

Morrow's driver's license was suspended, and the court stated that post release control would be optional.

*Assignments of Error*

{¶6}    Morrow raises three assignments of error,

{¶7}    "I. THE TRIAL COURT ABUSED ITS DISCRETION AND UNDERMINED THE FUNDAMENTAL FAIRNESS OF THE PROCEEDINGS WHEN IT ERRONEOUSLY CONSIDERED THAT APPELLANT HAD BEEN CONVICTED OF A THIRD DEGREE FELONY WHEN IN ACTUALITY APPELLANT HAD NO FELONIES ON HIS RECORD, AND ARBITRARILY COMPARED APPELLANT'S CHARGED OFFENSES TO DRUG TRAFFICKING.

{¶8}    "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO AN INACCURATE STATEMENT MADE BY THE COURT AT SENTENCING, DID NOT PROPERLY INVESTIGATE POSSIBLE MITIGATING FACTORS, AND FAILED TO PROVIDE VERIFICATION OF APPELLANT'S TIME IN ALCOHOL AND DRUG COUNSELING.

{¶9}    "III. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED CONSECUTIVE SENTENCES BECAUSE THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT AND SHOULD HAVE MERGED."

I.

{¶10}    In his first assignment of error, Morrow contends the court abused its discretion in using erroneous information about the defendant's prior criminal record, and further the trial court abused its discretion by comparing Morrow's crimes to those of drug trafficking.

{¶11}  The two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences. *State v. Tammerine*, 6th Dist. Lucas No. L–13–1081, 2014–Ohio–425, ¶10; *State v. Wellington*, 7th Dist. Mahoning No. 14 MA 115, 2015-Ohio-1359, ¶10; *State v. Brewer*, 4th Dist. Meigs No. 14CA1, 2014–Ohio–1903, ¶33;  *State v. Tate*, 8th Dist. Cuyahoga No. 97804, 2014–Ohio–5269, ¶ 55;  State v. *Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, 25576, 2013–Ohio–5759, 5 N.E.3d 1069, ¶29; *State v. Murphy*, 10th Franklin No. 12AP–952, 2013–Ohio–5599, ¶12; *State v. Crawford*, 12th Dist. Clermont No. CA2012–12–088, 2013–Ohio–3315, ¶6; *State v. White*, 1st Dist. Hamilton No. C–130114, 2013–Ohio–4225, 997 N.E.2d 629, ¶10;  *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31; *See also State v. Marcum,* 141 Ohio St.3d 1453, 2015–Ohio–239, 23 N.E.3d 1453 (Ohio Supreme Court has accepted the certified conflict question of what is the felony sentencing standard of review).

{¶12}   We now review felony sentences using the standard of review set forth in R.C. 2953.08. *Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶13}  In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v.*

*Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶14} R.C. 2929.14(C)(4), provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish **665 the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶15}** Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶16}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. (Emphasis added.)

**{¶17}** Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court

can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

{¶18} In the case at bar, Morrow first argues that the trial court erroneously believed that he had previously been convicted of a felony criminal mischief, which is in reality a misdemeanor crime.

{¶19} At the sentencing hearing, the Court stated,

THE COURT: The Court turns to its duty to sentence Edward Joseph Morrow, Jr. Here the Court finds he has been convicted of four counts of "Corrupting Another with Drugs", a Felony of the Fourth Degree, in violation of Ohio Revised Code Section 2925.02(A)(4)(a). This is a so called Division C drug offense. That's incorrect a Division B Drug Offense for Division B, I apologize. This is sentenced under 2929.13(C) so it is a Division C as I said to begin with. A Division C Drug Offense there is no guidance other than the purposes and principles of sentencing. Under the purposes and principles of sentencing Mr. Morrow, the duty of this Court is to punish the offender,

and to protect the public from future crime by the offender and others. Using the minimum sanctions, the Court determines accomplishes those purposes, without imposing an unnecessary burden on State or local government resources. The Court therefore to apply those purposes and principles of sentencing must weigh in every case these factors, whether your conduct is more serious or less serious. Here the Court finds the more serious factors found are that the injury to the victims, here the victims are twelve year old, two thirteen year olds and a fourteen year old. It is worsen by the age of the victims. You exposed them to an illegal drug, a controlled substance, marijuana. Your relationship with these victims facilitated this offense, as you apparently knew them all. You said you thought the one girl was seventeen. Giving you the benefit of the doubt, you are only three years off for the oldest, and five years off for the youngest. Under the less serious, you did not cause any physical harm to any person or property. You did give drugs to minors. There is a long standing sentencing policy of this Court that if one traffics in drugs in Guernsey County you do prison time or go to jail. That is well known by many people, apparently not by you, [sic.] Turning to the recidivism factors the Court gives heavy weight as Courts have historically always done to the fact you committed this offense, while under a Court sanction. You were under the supervision of the Cambridge Municipal Court. The Court also finds that while this case was pending your own conduct with your own mother made you prison eligible. You committed another offense. *You have a history therefore of criminal convictions. You*

*have been convicted of "Criminal Mischief" a felony of the Third Degree in June of 2012.* You then had the incident offense in September of last year, 2014, and then in January while as I have previously found this case was pending you commit domestic violence against your own mother. Your juvenile record is such that you were adjudicated delinquent in May of 2010 for disorderly conduct. The Court finds therefore, you have failed to respond favorably for sanctions imposed in adult and juvenile court. You also have demonstrated a pattern of drug and/or alcohol abuse that is related to this offense, and is consistent with your conduct as you also had an OVI, operating a vehicle intoxicated conviction for alcohol or drugs that occurred in January of 2013. Your statement in this case was that you were under the influence of both alcohol and pain pills at the time you committed the incident offense, and of course it would also appear using marijuana at least you provided marijuana for juveniles. You now to your credit have acknowledged that pattern and have advised, yet neglected to bring to Court, neglected apparently to tell your counselor or ask your attorney to bring it to Court for you Alcohol and Drug Service. Now the Chief Probation Officer of the Court was able to verify that. There may be a reason you didn't bring that it to Court after I verify it, because they advise me from Alcohol and Drug Services that your attendance is not consistent. You have heard the report read. You haven't gone very often. So I find your statement that is really doing you a lot of good is not worthy of belief. It is not doing you a lot of good if you don't go. As to showing remorse for the offense, you have

said you are sorry for what I did, and that I shouldn't have bought marijuana for the four victims. You thought the girl was seventeen years old. I don't know what kind of presentation that is because a seventeen year old can's [sic.] use marijuana, and you tell me you are concerned about your family. I have to judge facts when people tell things in Court. So here is the facts I will judge. While this case was pending you committed domestic violence against your own mother. Perhaps there is explanation for that. You advise me you are concerned about a grandparent. To you credit you have apparently found increased employment. That was one of the questions that you were asked on your Presentence Investigation to state your employment. You stated it was with Secrest Disposal. No update or verification of your increase from whatever it was previously to six days a week was provided to the Court, and all of this is done when you are coming before this Court and this Judge for four felony offenses to make a presentation that you would be amenable to an available community control sanction. The State of Ohio through the Assistant Prosecuting Attorney is arguing for four twelve month sentences, that would be forty-eight (48) months, four (4) year of incarceration. Your counsel is arguing on your behalf for community control sanctions. It is the duty of the Judge to determine the appropriate sentence. That determination must be guided by Ohio Law. I must determine here if your conduct is more serious or less serious and I find your conduct is more serious providing drugs to minors. I have to find if you are more likely to reoffend than less likely. *I find that you*

*made that decision pretty easy.* You went out and committed another offense, while this offense was pending. Then you come to Court and make a very poor presentation and statement on your own behalf counseling is doing me good. Verification that's what we do in this Court we verify things. Not consistent. Concerned about my family. Not consistent. I am required to weigh facts. You are not amendable to any community control sanction this Court because you just don't get it and may be you will after you see prison. Ohio is a truth in sentencing state. The length of time that you will serve in prison is the length of time the sentencing judge says, unless I grant judicial release at a later time. The Court however, finds that these four counts occurred at the same time, but they occurred to four different individuals, juveniles. A twelve (12) month sentence for a Felony of the Fourth Degree is the middle range of the sentencing term under 2929.14(A). The Court finds on the facts of this case that would be appropriate. The Court hereby imposes a twelve (12) month prison sentence on each count against the twelve (12) month sentences will be served consecutive as it is necessary here to protect the public, punish you and it is not disproportionate to the conduct and these crimes were committed while you were under a Court sanction. The harm to four juveniles that you pick up at a middle school is so unusual or great a single term would not adequately reflect the seriousness of your conduct, and your criminal history shows that consecutive terms are needed to protect the public. It is also a long enough sentence that I think it will shock you. I think you will be shocked when you

see prison, and then maybe you will get it. Also note that if I sentence you to more than two years but less than five years, you could be eligible for judicial release after a hundred and eighty (180) days. Young man you better change your attitude. You better get it or you can serve the entire forty-eight (48) months it is an appropriate sentence.

* * *

T. Sent. Hearing, May 21, 2015 at 29-33.

{¶20} Pursuant to R.C. 2909.07, criminal mischief is either a misdemeanor of the third degree [R.C. 2909.07 (C)(2)], a misdemeanor of the first degree [R.C. 2909.07(C)(2) and R.C. 2090.07(C)(3)], a felony of the fifth degree [R.C. 2909.07(C)(2)(a) and R.C. 2909.07(C)(3)], or a felony of the fourth degree [R.C. 2909.07(C)(2)(b) and R.C. 2909.07(C)(3)]. The state contends that because there is no criminal mischief as a felony of the third degree, the trial judge simply misspoke.

{¶21} Disregarding Morrow's conviction for criminal mischief, whether as a felony or a misdemeanor, we find the trial court's statements are sufficient under *Bonnell, supra*, to support its imposition of consecutive sentences. The statements by the trial court make clear that it engaged in the appropriate analysis. The court noted that it needed to punish Morrow and protect the public. It found that the harm Morrow caused was so great and unusual that a single prison term would not be adequate. The trial court further found that consecutive sentences were necessary in order to protect the public, to punish Morrow, and to address the magnitude of the crimes.

**{¶22}** The record contains no evidence that the trial court based its decision to impose consecutive sentences solely or in part upon whether Morrow had a prior felony conviction.

**{¶23}** Morrow next contends that the trial court abused its discretion by comparing Morrow's crimes to those of drug trafficking.

**{¶24}** During Morrow's plea, the following exchange occurred,

THE COURT: That stands tor Presentence Investigation will be ordered. There is no restitution that means paying back another party for economic loss or damage at issue in this case. Each side will argue for the appropriate sentence, *and Edward I would like you to listen to this carefully. The State likens these offenses for trafficking in drugs, and therefore will argue that a prison term or a period of local incarceration be imposed. Now liken means making an analogy comparing it for this Court's sentencing policy of trafficking in drugs do you understand that?*

MR. MORROW: Yes your Honor.

THE COURT: *And do you understand that this Court has a long policy of sentencing those that trafficking in drugs in Guernsey County either to prison or jail?*

MR. MORROW: *Yes your Honor.*

THE COURT: *You have reviewed that with your Attorney?*

MR. MORROW: *Yes your Honor.*

T. Feb. 23, 2015 at 6 (emphasis added). The written "Plea of Guilty" form signed by Morrow and filed February 23, 2015 contains the state's plea offer, which contains the

above-mentioned admonition that the state would liken Morrow's case to drug trafficking during the sentencing hearing.

{¶25} Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 1995-Ohio-40, 646 N.E.2d 1115(1995) *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359,1994-Ohio-302, 626 N.E.2d 950(1994). *See, also, Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943) paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> [t]he law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, *quoting State v. Kollar*, 93 Ohio St. 89, 91, 112 N.E. 196(1915).

{¶26} At no time during either the plea or sentencing phase did Morrow ask any questions regarding the penalties involved for the charges to which he was pleading guilty. Upon being informed by the trial court that the state would liken his offenses to drug trafficking and that the trial court has a long policy of prison or jail sentences for trafficking offenses, Morrow did not indicate his disapproval or confusion to the trial court.

In the case at bar, Morrow indicated to the trial court that he understood the court's position and that he had discussed the matter with his attorney.

{¶27} In the case at bar, Morrow had ample warning of the consequences of his behavior, and the trial court's position before he entered his guilty pleas. It is clear from Morrow's actions that he voluntarily chose to enter his pleas with full knowledge that he could be sentenced to prison.

{¶28} Morrow's first assignment of error is overruled.

II.

{¶29} In his second assignment of error, Morrow contends that he receive ineffective assistance of counsel. Specifically, Morrow argues his trial counsel was ineffective in failing to object to the trial court referring to the prior criminal mischief conviction as a felony instead of a misdemeanor; and by failing to introduce any documentation of Morrow's progress in drug and alcohol counseling.

{¶30} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶31} Counsel is unconstitutionally ineffective if his performance is both deficient, meaning his errors are "so serious" that he no longer functions as "counsel," and prejudicial, meaning his errors deprive the defendant of a fair trial. *Maryland v. Kulbicki,*

577 U.S. __, 2015 WL 5774453(Oct. 5, 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

{¶32} An appellant must demonstrate that he suffered prejudice from his counsel's performance. See *Strickland,* 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To prevail on his ineffective-assistance claim, an appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

{¶33} Morrow has failed to establish that he suffered prejudice because of the failure of counsel to object to the trial court's reference to his prior criminal record. As we discussed in our disposition of Morrow's first assignment of error, the record contains ample evidence that the trial court did not base the sentence in whole or in part upon Morrow's prior criminal history. Rather, the trial court noted that Morrow failed two drug tests and was charged with domestic violence against his mother while the present case was pending. (T. May 21, 2015 at 25; 29). The court noted, "while this case was pending your own conduct with your mother made you prison eligible." (Id. at 29). Further, the trial court noted the age of the victims as "[a] twelve year old, two thirteen year olds and a fourteen year old." (Id. at 28). Further, the court noted that Morrow has demonstrated a pattern of drug and alcohol abuse, having a conviction for OVI in January 2013. (Id. at

30). Morrow's attendance at drug and alcohol treatment during the pendency of the case was "not consistent." (Id.).

{¶34} Morrow's argument that counsel was ineffective because counsel failed to present verification of his participation in drug and alcohol counsel is likewise unpersuasive.

{¶35} In the case at bar the probation department verified Morrow's participation in the trial court prior to sentencing. T. at 30. The court noted,

> There may be a reason you didn't bring that to the court after I verify it, because they advise me from Alcohol and Drug Services that your attendance is not consistent. You have heard the report read. You haven't gone very often. So I find your statement that is [sic.] really doing you a lot of good is not worthy of belief.

T. at 30. As the trial court had the information, Morrow cannot show prejudice from any failure by counsel to provide the document to the trial court.

{¶36} We find no errors rising to the level of *Bradley* and *Strickland* nor any deficiency in trial counsel's performance that deprived Morrow of a fair hearing.

{¶37} Morrow's second assignment of error is overruled.

## III.

{¶38} In his third assignment of error, Morrow argues that the trial court erred in sentencing him on all four counts, claiming they were allied offenses requiring merger.

{¶39} R.C. 2941.25, Multiple counts states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or

information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶40}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.2d 892, the Ohio Supreme Court revised its allied-offense jurisprudence,

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors-the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶41}** *Ruff,* at syllabus. The Court further explained,

A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or

significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

* * *

An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

{¶42}  In the case at bar, the conduct involved separate victims, as "[a] twelve year old, two thirteen year olds and a fourteen year old." (T. at 28).  Pursuant to *Ruff,* Morrow could be convicted of all four offenses in this case because each of the four counts involved a separate victim.  *Accord, State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶27; *State v. Parsons,* 5th Dist. Fairfield No. 14-CA-63, 2015-Ohio-5103, ¶40; *State v. Gates,* 5th Dist. Fairfield No. 14-CA-60, 2015-Ohio-4950, ¶27.

{¶43}  Morrow's third assignment of error is overruled.

{¶44}  The judgment of the Guernsey County Court of Common Pleas is affirmed.


By Gwin, J., and

Farmer, P.J., concur;

Hoffman, J., concurs

separately

*Hoffman, J., concurring*

{¶45} I concur in the majority's analysis and disposition of Appellant's second and third assignments of error.

{¶46} I further concur in the majority's disposition of Appellant's first assignment of error. While I am not persuaded the invited error doctrine applies[1], I do find Appellant waived any alleged error by failing to object to or refute the state of Ohio's "analogy" to drug trafficking. Because I concur with the majority's conclusion Appellant voluntarily choose to enter his pleas with full knowledge he could be sentenced to prison, I concur in the decision to overrule Appellant's first assignment of error.

_____

HON. WILLIAM B. HOFFMAN

---

[1] While the trial court advised Appellant of the state of Ohio's intent to analogize his charges to drug trafficking offenses and further advised Appellant of its policy of sentencing drug traffickers to prison, the trial court never specifically advised Appellant it agreed with the state of Ohio's analogy.