**[Cite as *U.S. Bank Natl. Assn. v. Harper*, 2020-Ohio-4674.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

U.S. BANK NATIONAL ASSOCIATION,
as Trustee under Pooling and Servicing
Agreement dated as of September 1, 2006
MASTR Asset-Backed Securities Trust
2006-NC2 Mortgage Pass-Through
Certificates, series 2006-NC2

      Appellee

      v.

MEGAN E. HARPER, et al.

      Appellant

C.A. No.      19CA011499

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     18CV195663

DECISION AND JOURNAL ENTRY

Dated: September 30, 2020

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jerry Harper, appeals the judgment of the Lorain County Court of Common Pleas granting summary judgment to Plaintiff-Appellee, U.S. Bank National Association, as Trustee under Pooling and Servicing Agreement dated as of September 1, 2006 MASTR Asset-Backed Securities Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2 ("U.S. Bank"), on its complaint in foreclosure. For the reasons that follow, this Court reverses the trial court's judgment in part, and remands.

I.

{¶2} U.S. Bank filed a complaint for foreclosure on July 5, 2018, in the Lorain County Court of Common Pleas. The complaint asserts Megan Harper, Mr. Harper's wife, defaulted on a

note and seeks to foreclose on the mortgage securing U.S. Bank's interest in the property subject to the mortgage. The Harpers[1] thereafter filed a litany of pro se motions appearing to challenge the complaint in several respects. The trial court construed one said filing—a "request for quash and vacate complaint"—as the Harpers' answer to U.S. Bank's complaint.

{¶3} Following a pretrial hearing, a magistrate issued an order setting a dispositive motion deadline of November 30, 2018, and stating that any brief in opposition to a dispositive motion would be due within 21 days of the filing of the dispositive motion. The order further stated that any reply to a brief in opposition would be due within 14 days of the brief in opposition.

{¶4} U.S. Bank filed its motion for summary judgment on November 29, 2018. On December 13, 2018, the Harpers filed a purported counterclaim and a "motion for summary judgment on objection of proof of claim & statute of limitations." U.S. Bank then filed a brief in opposition to the Harpers' motion for summary judgment and moved to strike the counterclaim. The Harpers filed a response to U.S. Bank's motion to strike and a response to U.S. Bank's brief in opposition to the Harper's motion for summary judgment.

{¶5} On March 12, 2019, U.S. Bank filed a notice of filing a supplemental affidavit in support of its motion for summary judgment. Despite being filed beyond the dispositive motion deadline, U.S. Bank filed this notice without leave of court.

{¶6} On March 22, 2019, the trial court issued a journal entry granting U.S. Bank's motion for summary judgment, entering judgment on the note, and ordering foreclosure of the property at issue. In the journal entry, the trial court states that it construed the Harper's motion for summary judgment as a brief in opposition to U.S. Bank's motion for summary judgment. That

---

[1] It is unclear, upon a review of the trial court record, whether these motions were filed by both Mr. and Mrs. Harper. The trial court, however, treated the filings as if they had been filed by both and neither the Harpers nor U.S. Bank objected.

same day, the trial court issued a second journal entry granting U.S. Bank's motion to strike the Harper's counterclaim.

{¶7} Mr. Harper filed this timely appeal, raising six assignments of error for our review. We elect to consider Mr. Harper's assignments of error out of order because our resolution of assignment of error three renders assignments of error two, four, and six moot.

II.

### Assignment of Error I

**The [l]ower [c]ourt erred when it ignored UCC [g]uidelines governing [the Harpers'] [l]awful [n]otices and multiple attempts to "[p]ay the [d]ebt in [f]ull" to which [U.S. Bank] ignored and failed to respond.**

{¶8} In his first assignment of error, Mr. Harper contends the trial court erred in granting summary judgment to U.S. Bank because it did not address the Harpers' claim that they had attempted to settle this matter, but the loan servicer ignored their settlement notices in violation of the Uniform Commercial Code. Mr. Harper appears to argue that because the loan servicer did not respond to settlement offers related to the debt evidenced by the promissory note, U.S. Bank lacked standing to bring suit to enforce the note.

{¶9} As an initial matter, we must address whether Mr. Harper has standing to raise this assignment of error. Upon review of the initial filings in this appeal, this Court concluded that the appeal was not properly perfected for both Mrs. and Mr. Harper because the notice of appeal bears only one signature. *See* R.C. 4705.01 (only a licensed attorney may represent or file documents on behalf of another party in this Court); *see also Hineman v. Brown*, 11th Dist. Trumbull No. 2002-T-0006, 2003-Ohio-926, ¶ 28-30 (Grendell, J. concurring) (stating that "each appellant, acting pro se, must be named in the text of the notice of appeal *and* personally sign the notice of appeal and appellate briefs. Otherwise, the signing of the notice of appeal by one non-lawyer pro

se individual on behalf of another pro se individual would constitute the unauthorized practice of law."). Consequently, this Court ordered the appellant to file a response stating who signed the notice of appeal and was, therefore, the proper appellant in this matter. Mr. Harper subsequently filed a response indicating that he had signed the notice of appeal. As a result, this Court concluded that Megan Harper did not perfect an appeal with this Court and dismissed the appeal initiated by Mr. Harper on her behalf.

{¶10} The issue of Mr. Harper's standing to raise this assignment of error stems from the fact that he was not a party to the promissory note and the trial court did not enter judgment against him on U.S. Bank's claim to enforce the note. The Supreme Court of Ohio has "long recognized that an action for a personal judgment on a promissory note and an action to enforce mortgage covenants are 'separate and distinct' remedies." *Deutsche Bank National Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 25. "'The right to proceed, in equity, to enforce the mortgage lien, and the right to proceed, at law, to collect the mortgage debt, are different but concurrent remedies.'" *Id.* quoting *Giddings v. Barney*, 31 Ohio St. 80, 82 (1876). "The person entitled to enforce the note pursuant to R.C. 1303.31 has standing to seek a personal judgment against the promisor on that obligation, while the mortgagee or its successor and assign has standing to foreclose on the mortgage." *Id.* at ¶ 35.

{¶11} In this case, the trial court entered a personal judgment against Megan Harper and in favor of U.S. Bank on its claim alleging Megan Harper had defaulted on the note. The trial court then found that to secure payment of the note, both Mrs. Harper and Mr. Harper executed and delivered the mortgage described in the second count of U.S. Bank's complaint, thereby conveying a mortgage interest in the property at issue. The trial court further found that the mortgage was duly filed with the Recorder of Lorain County, the conditions of the mortgage had

been broken, and that U.S. Bank was entitled to the equity of redemption and dower of all defendants. The trial court ordered that unless the sums due on the promissory note together with the costs of the action were paid within three days of the decree, "the equity of redemption and dower of all parties in and to the [p]roperty shall be foreclosed, and the property shall be sold according to law[.]"

{¶12} "'In order to have standing to allege error, * * * a party must assert [his] own rights rather than the rights of a third party.'" *Bayview Loan Servicing, LLC v. Big Blue Capital Partners, LLC*, 9th Dist. Summit No. 27790, 2016-Ohio-3433, ¶ 20, quoting *State v. Smith*, 9th Dist. Summit No. 26159, 2012-Ohio-4436, ¶ 18. U.S. Bank did not assert a claim against Mr. Harper regarding the note, a review of the record shows that he is not listed as party to the note and did not sign the note, and Mr. Harper does not contend that he was a party to the promissory note. Moreover, the trial court did not enter a personal judgment against Mr. Harper for the debt owed on the note. Therefore, we conclude that he does not have standing to assign as error on appeal the trial court's grant of summary judgment in favor of U.S. Bank on its claim against Megan Harper to enforce the note.

{¶13} However, there is no dispute that Mr. Harper and Megan Harper both executed the mortgage. Although Mr. Harper's agreement to allow Megan Harper to encumber his interest in the property does not entitle him to allege an error relating to the enforcement of the note, *see Mid America Mtge. v. Scott*, 8th Dist. Cuyahoga No. 106099, 2018-Ohio-1403, ¶ 8, he does have standing to allege error concerning his own rights relating to the mortgage instrument and the foreclosure of the property. We must limit our review accordingly.

{¶14} In this assignment of error, Mr. Harper argues that U.S. Bank lacked standing to bring suit *to enforce the note*. Because we have already determined that Mr. Harper does not have

standing to assert errors related to the trial court's judgment concerning enforcement of the note against Megan Harper, Mr. Harper's first assignment of error is overruled.

## Assignment of Error III

**The [l]ower [c]ourt erred in accepting initial [f]oreclosure [c]omplaints without a valid [a]ffidavit and failed to give [the] Harpers adequate time to [r]espond to [U.S. Bank]'s "last minute" [a]ffidavit.**

{¶15} In his third assignment of error, Mr. Harper contends that the trial court erred by granting summary judgment to U.S. Bank because it relied on an affidavit filed subsequent to the motion for summary judgment, as a supplement, but did not give the Harpers an opportunity to respond. He also contends that said affidavit was defective. Upon review we agree that the trial court erred by not giving Mr. Harper sufficient time to respond to the filing of U.S. Bank's supplemental affidavit. We note that, although Mr. Harper's assignment of error states that the trial court "erred in accepting initial [f]oreclosure [c]omplaints without a valid [a]ffidavit[,]" he does not raise an argument on this point in the body of this assignment of error and we limit our review accordingly.

{¶16} First, our prior holding that Mr. Harper does not have standing to challenge the trial court's judgment regarding U.S. Bank's enforcement of the note has no effect on Mr. Harper's standing as a mortgagor to assign as error on appeal any alleged error made by the trial court regarding U.S. Bank's evidence that it is the party entitled to enforce the note. Because a "mortgage grants the mortgagee and its successors and assigns a security interest in property, upon default, the mortgagee has standing to foreclose on the mortgage and obtain a judicial sale of the property to enforce the mortgage lien against that property." *Holden*, 2016-Ohio-460 at, ¶ 27. A foreclosure proceeding is an enforcement of a debt, and the debt is established by the note. *Id.* quoting *Wilborn v. Bank One Corp*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 17. Thus, a creditor

seeking to foreclose on a mortgage must still prove that it was the person or entity entitled to enforce the note secured by the mortgage. *See id.* at ¶ 26 ("Even in a case in which the personal liability of the debtor has been discharged in bankruptcy * * * the creditor seeking to foreclose on the mortgage must prove that it was the person or entity entitled to enforce the note secured by the mortgage.")

{¶17} "'As applied to summary judgment, procedural due process requires that a nonmoving party have an opportunity to respond before the adjudication of a motion for summary judgment.'" *M-N North Chase II, L.L.C. v. Roe*, 9th Dist. Summit No. 25694, 2011-Ohio-4071, ¶ 8, quoting *Village of Harbor View v. Jones*, 10th Dist. Franklin Nos. 10AP-356, 10AP-357, 2010-Ohio-6533, ¶ 37. "Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 34.

{¶18} Following a pretrial hearing in this case, a magistrate issued an order granting U.S. Bank leave to file a dispositive motion by November 30, 2018, and stating that any brief in opposition to a dispositive motion would be due within 21 days of the filing of the dispositive motion. The order further stated that any reply brief would be due within 14 days of the brief in opposition.

{¶19} U.S. Bank filed its motion for summary judgment on November 29, 2018. U.S. Bank asserted in its motion for summary judgment that it was entitled to summary judgment because there were no issues of material fact and that it was entitled to enforce both the terms of the note and the mortgage, that Megan Harper had defaulted on the note, the amount due on the note, and by virtue of Megan Harper's default on the note, it was entitled to foreclose the property

delivered as security pursuant to the mortgage. In support of its motion for summary judgment, U.S. Bank attached the affidavit of Daniel Delpesche, a contract management coordinator employed by its loan servicer, Ocwen Loan Servicing, LLC. The affiant stated that in the regular performance of his job duties he has access to and is familiar with the business records related to the servicing of the mortgage loan at issue in this case. He stated that he had personal knowledge of the manner in which the records were created and that he reviewed and relied on those records in executing the affidavit. He stated that according to the records U.S. Bank was the holder of the promissory note and mortgage instrument at issue in this case and that true and correct copies of both records were attached to his affidavit. He stated that the defendants were in default for failing to tender the required monthly payments and that the last payment received was applied to the June 2012 payment. Finally, he stated that the unpaid balance due and owing was $85,713.09 plus interest of 2.00% per year from June 1, 2012 and a deferred principal amount of $22,643.00 plus late charges and any amounts advanced for taxes and insurance, and costs and expenses.

{¶20} On December 13, 2018, the Harpers filed a "motion for summary judgment on objection of proof of claim & statute of limitations." In its journal entry granting summary judgment to U.S. Bank, the trial court stated that it construed this this filing as a brief in opposition to U.S. Bank's motion to summary judgment rather a cross-motion for summary judgment. The Harpers' motion did not specifically address the arguments raised in U.S. Bank's motion for summary judgment. Rather, the Harpers asserted affirmative defenses arguing that U.S. Bank's claim was barred by the statute of limitations and that U.S. Bank had not established that it has standing to bring this action. We note that Mr. Harper does not contend anywhere in his merit brief that the trial court erred in construing the Harpers' motion for summary judgment as a

response to U.S. Bank's motion for summary judgment, and we will not raise such an argument for him.

{¶21} On February 19, 2019, U.S. Bank filed a combined brief in opposition to the Harpers' motion for summary judgment and reply in support of its own motion for summary judgment. U.S. Bank asserted that the Harpers had not pointed to any evidence in response to U.S. Bank's motion for summary judgment to show that any issues of material fact existed.

{¶22} On February 21, 2019, the Harpers filed a response to U.S. Bank's brief in opposition to the Harpers' motion for summary judgment and a reply in support of the Harpers' motion for summary judgment. Despite the title of this response, the Harpers first raise several arguments responding the arguments in U.S. Bank's motion for summary judgment. Specifically, the Harpers question the validity of the allonge attached to the note and the documents related to the assignment of the mortgage. The Harpers also dispute the date U.S. Bank claims they stopped making payments and assert that U.S. Bank provided a false timeline in an effort to defeat their argument that the statute of limitations has run on U.S. Bank's claims.

{¶23} On March 12, 2019, U.S. Bank filed a notice of filing a supplemental affidavit in support of its motion for summary judgment; thereby seeking to introduce additional evidence in support of its motion for summary judgment well past the dispositive motion deadline and without seeking leave of court. The supplemental affidavit was executed by Harrison Whittaker, who averred that he was employed as a loan analyst for Ocwen Financial Corporation, the servicer of loan at issue in this case. The affiant stated that his duties involve access to, and review of, Ocwen's business records and that he had personally reviewed the documents related to this case. Specifically, Mr. Whittaker averred that he reviewed the note and allonge, the mortgage, the assignment of the mortgage, the loan modification agreement, a notice of default, Ocwen's

payment history for Megan Harper's loan, and Ocwen's business records related to the possession of the original note. Based on his review of these documents, Mr. Whittaker stated that (1) the original note was in the possession of Ocwen's prior counsel on the date the Complaint was filed, and is now in the possession of Ocwen's current counsel; (2) a notice of default was sent to Megan giving her an opportunity to cure the default, but that Megan did not cure the default and the loan was accelerated; (3) the loan is due for payment July 1, 2012, constituting default under the terms of the note and mortgage; and (4) the unpaid balance due and owing was $85,713.09 plus interest of 2.00% per year from June 1, 2011 and a deferred principal amount of $22,643.00 plus late charges and any amounts advanced for taxes and insurance, and costs and expenses.

{¶24} On March 22, 2019—ten days after U.S. Bank filed it supplemental affidavit—the trial court issued a journal entry granting U.S. Bank's motion for summary judgment on both claims in its complaint and issuing a decree of foreclosure. In its journal entry, the trial court recognized that to succeed on a foreclosure action, a plaintiff must present evidence showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *HSBC Mtge., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221 at ¶ 24. The trial court stated:

> With respect to items (1) and (2), Plaintiff attached to its complaint a copy of the note and mortgage. The note was originally payable to New Century Mortgage Corp. Attached to the note was an allonge from New Century to Plaintiff, which was dated August 11, 2011 and asserts an effective date of September 1, 2010. New Century was also the original mortgagee on the mortgage. Plaintiff provided the assignment of the mortgage from New Century to Plaintiff, which was recorded on December 27, 2012. *Plaintiff has properly authenticated these documents through the affidavit of Harrison Whittaker, which has not been challenged by Defendants.* (Emphasis added.)

{¶25} As we stated above, procedural due process in the context of summary judgment "requires that a nonmoving party have an opportunity to respond before the adjudication of a motion for summary judgment.'" *Roe*, 2011-Ohio-4071 at ¶ 8, quoting *Jones*, 2010-Ohio-6533 at ¶ 37. In this case, the trial court set an explicit dispositive motion deadline of November 30, 2018. In addition to this deadline, Lorain County Court of Common Pleas Local Rule 9(A) expressly states that "[o]riginal evidentiary materials as permitted by Civ.R. 56(C) shall be filed with the Clerk of Courts with the original motion." However, the trial court impliedly accepted U.S. Bank's supplemental evidentiary material three and a half months after this deadline when it expressly relied on that material in issuing a decision ten days after its submission. The trial court's order setting the November 30, 2018 dispositive motion deadline also stated that any brief in opposition to that motion would be due within 21 days of the filing of that motion. Yet, the trial court issued its decision just ten days after U.S. Bank filed its supplemental material, without providing the Harpers any notice that it would consider that supplemental material, and expressly stated in the decision that the Harpers had not challenged that supplemental material.

{¶26} As recognized above, "Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." *Hooten*, 2003-Ohio-4829, ¶ 34. Notably, the original affidavit filed in support of U.S. Bank's motion for summary judgment did not address the allonge or the assignment of the mortgage. U.S. Bank filed its supplemental affidavit in response to the Harpers' summary judgment filing specifically questioning the validity of the allonge and the assignment of the mortgage. Despite the fact that Mr. Harper was given no notice that the trial court would rely on the affidavit filed without leave after the dispositive motion deadline, the trial court specifically relied on the affidavit in issuing its decision ten days later,

noting the Harpers had not challenged the affidavit. Under these circumstances we cannot say that Mr. Harper had a fair opportunity to be heard.

{¶27} In its reply brief on appeal, U.S. Bank contends that even if the trial court erred in ruling on its motion for summary judgment without giving Mr. Harper time to respond to the filing of its supplemental affidavit, such error was harmless because the response Mr. Harper filed after the trial court issued its judgment entry did not provide any evidence to rebut Mr. Whittaker's affidavit.

{¶28} It is undisputed that U.S. Bank was not the original holder of the note and mortgage. Notably, however, the affidavit attached to U.S. Bank's motion for summary judgment makes no reference to the allonge or the assignment of the mortgage. Thus, in light of the trial court's reliance on the supplemental affidavit to authenticate those documents, we cannot say such error is harmless. Although we review an award of summary judgment de novo, *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996), we are still a court of review and any response filed by Mr. Harper after the trial court issued its judgment was not considered by the trial court. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus; *see* App.R. 9.

{¶29} Therefore, we sustain Mr. Harper's third assignment of error and reverse the trial court's grant of summary judgment to U.S. Bank on its claim for foreclosure. We remand this matter to the trial court to allow Mr. Harper a reasonable opportunity to respond to U.S. Bank's notice of filing of supplemental material before the trial court issues its ruling on U.S. Bank's foreclosure action. *See Bank of New York v. Brunson*, 9th Dist. Summit No. 25118, 2010-Ohio-3978, ¶ 10.

**Assignment of Error II**

**The [l]ower [c]ourt erred in ignoring [the Harpers'] [s]ubmitted [i]ssues of [m]aterial [f]acts to [U.S. Bank]'s documents.**

**Assignment of Error IV**

**The [l]ower [c]ourt erred when it denied [the] Harpers [r]equested [h]earing and the [d]eposition of Ocwen employees.**

**Assignment of Error VI**

**The [l]ower [c]ourt erred in failing to follow the proper [r]ules of [c]ourt and committed malpractice in its application of those [r]ules.**

{¶30} In his second assignment of error, Mr. Harper argues that U.S. Bank failed to present evidence showing it was entitled to foreclose on the property at issue. He contends that because the Harpers submitted multiple "offers to pay," failed to provide verifiable documentation and affidavit attesting that U.S. Bank was the real party in interest, U.S. Bank did not show it is the party entitled to enforce the instrument. Next, he asserts that the documents purporting to show the chain of assignments and transfers of the mortgage are "questionable" and "suspicious." He further asserts that U.S. Bank did not submit "proper and verifiable" evidence as to the amount due on the note and that the trial court improperly determined that the Harpers did not dispute the debt owed.

{¶31} In his fourth assignment of error, Mr. Harper contends that the trial court erred in granting summary judgment to U.S. Bank without holding a hearing. Although Mr. Harper states in his assignment of error that the trial court erred when it denied the Harpers the opportunity to depose Ocwen's employees, he does not raise such an argument in the body of the assignment of error.

{¶32} In his sixth assignment of error, Mr. Harper asserts that the trial court improperly allowed him to sign pleadings on behalf of his wife, Megan Harper, and that the trial court,

therefore, committed malpractice. Mr. Harper further asserts that because the trial court allowed him to sign pleadings on behalf of his wife, the court created "confusion and irreparable harm" in his pursuit of an appeal. Mr. Harper requests that this Court dismiss this appeal and remand the matter back to the trial court.

{¶33} Because we reversed the trial court's grant of summary judgment to U.S. Bank on their foreclosure claim as a result of Mr. Harper's third assignment of error, we conclude that the arguments in Mr. Harper's second, fourth, and sixth assignments of error are moot. We, therefore, decline to address them. *See* App.R. 12(A)(1)(c).

### Assignment of Error V

**The [l]ower [c]ourt erred in granting [U.S. Bank]'s [m]otion for [s]ummary [j]udgment and erred in denying [the Harper's] [c]ross [m]otion for [s]ummary [j]udgment. The [l]ower [c]ourt erred in striking [the] Harpers' [c]ounter-claim against [U.S. Bank].**

{¶34} In his fifth assignment of error, Mr. Harper contends that the trial court erred by striking his counterclaim. Although Mr. Harper states in his assignment of error that the trial court erred in granting U.S. Bank's motion for summary judgment and erred in denying the Harpers' motion for summary judgment, he does not raise an argument related to the motions for summary judgment in the body of this assignment of error and we limit our review accordingly.

{¶35} In response, U.S. Bank contends that this Court does not have jurisdiction to consider Mr. Harper's appeal relating to the trial court's order striking the Harper's counterclaim because Mr. Harper did not include that order in his notice of appeal. Upon review, we agree.

{¶36} "An appeal is initiated when the appellant files a notice of appeal." *State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 10, citing App.R. 3(A). A notice of appeal must designate the judgment, order, or part thereof being appealed. App.R. 3(D). Mr. Harper's notice of appeal states that he is appealing "the final judgment entered in this action on

March 22, 2019[.]" Attached to the notice of appeal is the trial court's judgment entry and decree in foreclosure filed March 22, 2019. Because Mr. Harper only appealed from the final appealable order granting summary judgment, any order entered by the trial court subsequent to that order is outside the record on appeal and beyond our scope of review.

{¶37} Mr. Harper's fifth assignment of error is overruled

III.

{¶38} Mr. Harper's first and fifth assignments of error are overruled. Mr. Harper's third assignment of error is sustained. Mr. Harper's second, fourth, and sixth assignments of error are moot.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶39} This Court previously determined that an appeal was not properly perfected on behalf of Megan Harper because the notice of appeal listed both Jerry and Megan Harper but only included one signature on behalf of both of them. *See U.S. Bank Natl. Assn., etc. v. Harper, et al.*, 9th Dist. Lorain No. 19CA011499 (Aug. 1, 2019). We noted that allowing a non-attorney to file documents on behalf of another party would constitute the unauthorized practice of law. *Id.*

{¶40} Unfortunately, from the record on appeal, it appears that the same problem may be present in the trial court filings. Accordingly, I would issue a show cause order requiring the parties to address this concern. I would allow Jerry and Megan Harper each the opportunity to separately respond, pro se, to the order.

APPEARANCES:

JERRY L. HARPER, pro se, Appellant.

BROOKE TURNER BAUTISTA, Attorney at Law, for Appellee.