**[Cite as *K.T. v. J.S.*, 2021-Ohio-4350.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

K. T.

    Appellee

v.

J. S.

    Appellant

C.A. No.     21AP0004

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2020 CVC-C 000278

DECISION AND JOURNAL ENTRY

Dated: December 13, 2021

SUTTON, Judge.

{¶1} Appellant-Respondent J.S. appeals from the judgment of the Wayne County Court of Common Pleas. This Court reverses and remands for further consideration.

I.

{¶2} On August 27, 2020, Appellee-Petitioner K.T. filed a petition for a civil stalking protection order against her neighbor, J.S., pursuant to R.C. 2903.214. Under this petition, K.T. sought protection for both herself and her three children. The trial court granted K.T.'s request for an ex parte protection order and set the matter for a full hearing.

{¶3} After two continuances were granted at J.S.'s request, a full hearing on K.T.'s petition was held on November 13, 2020, before a magistrate. Both parties appeared and were represented by counsel. The magistrate issued a decision on November 18, 2020, concluding that as a result of the testimony and evidence presented at the full hearing, "the preponderance of the evidence mandates a civil stalking protection [order] to ensure the safety and protection of

[K.T.] and her minor children." The trial court reviewed and adopted the magistrate's decision the same day.

{¶4} On November 24, 2020, J.S. timely filed an objection to the magistrate's decision and the trial court's adoption of the same. In his objection, J.S. did not state any factual or legal basis for objecting, but instead indicated that "[u]pon completion of the requested transcript of November 13, 2020 * * *, counsel for [J.S.] will file a more specific objection." The following day, the trial court issued an order requiring J.S. to submit a deposit to the court reporter for preparation of the transcript of the November 13, 2020 hearing. In that order, the trial court also informed J.S. that after the filing of the transcript, he would have ten days to submit a memorandum in support of his objection. The order also indicated that K.T. would have ten days to respond to J.S.'s objection, and then the court would rule on J.S.'s objection without a hearing.

{¶5} On December 14, 2020, a copy of the transcript of the November 13, 2020 hearing was filed with the trial court. Eight days later, on December 22, 2020, the trial court overruled J.S.'s objection on the basis that J.S. failed to make any specific objection pursuant to Civ.R. 53. In so doing, the trial court stated "[t]he lack of a transcript does not prevent counsel from filing a specific objection which is required by the rule. Because the objection is not specific, the objection is overruled." The trial court did not address why it ruled on J.S.'s objection two days prematurely.

{¶6} J.S. timely appealed asserting four assignments of error for review. This Court elects to begin with the third assignment of error as it is dispositive of this appeal.

II.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, ABUSING ITS DISCRETION WHEN IT UPHELD THE MAGISTRATE'S DECISION AND DISMISSED [J.S.]'S OBJECTION WITHOUT ALLOWING HIM TO SUPPLEMENT WITH THE TRANSCRIPT, WITHOUT HAVING REVIEWED THE TRANSCRIPT, AND NOT CONDUCTING AN INDEPENDENT REVIEW OF THE RECORD.**

{¶7}   In his third assignment of error, J.S. argues that the trial court erred in overruling his objection. For the following reasons, we agree.

**The trial court applied the incorrect standard in denying J.S.'s objection.**

{¶8}   Civ.R. 65.1 of the Ohio Rules of Civil Procedure applies to "special statutory proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 providing for domestic violence, stalking, and sexually oriented offense civil protection orders." Civ.R. 65.1(A). The rule specifically states that the provisions of the rule "shall * * * supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with other provisions of this rule." *Id*. Further, Civ.R. 65.1(3)(c)(iv) explicitly states "[a] court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing under this division does not constitute a judgment or interim order under Civ.R. 53(D)(4)(e) and is not subject to the requirements of that rule." As such, the procedures contained in Civ.R. 65.1 govern the issuance of civil stalking protection orders, and such orders are not subject to the requirements set forth in Civ.R. 53.

{¶9}   Here, the text of the trial court's order denying J.S.'s objection to the magistrate's decision regarding the civil stalking protection order shows that the trial court incorrectly analyzed J.S.'s objection pursuant to the standard contained in Civ.R. 53, rather than Civ.R. 65.1. The trial court's order states:

> Concerning objections, *Ohio Rule of Civil Procedure 53(D)(3)*, in pertinent part states: * * * Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. The lack of transcript does not prevent counsel from filing a specific objection which is required by rule. *Because the objection is not specific, the objection is overruled.*

(Emphasis added.) Civ.R. 53 and Civ.R. 65.1 contain different standards for objections. Civ.R. 53 states: "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 65.1(3)(d)(iii) states: "[a] party filing objections under this division has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order."

{¶10} This Court previously found harmless error where the trial court cited to Civ.R. 53 but Civ.R. 65.1 was the appropriate standard. *T.M. v. R.H.*, 9th Dist. Summit No. 29556, 2020-Ohio-3013, ¶ 11. However, the present case is distinguishable from *T.M.* because, in *T.M.*, although the trial court incorrectly cited to Civ.R. 53, it nonetheless applied the correct standard found in Civ.R. 65.1. *Id.* In this case, there is no evidence in this record to suggest the trial court actually applied the correct standard, as found in Civ.R. 65.1.

**The trial court also erred in denying J.S. the opportunity to file a memorandum in support of his objection.**

{¶11} J.S. filed his objection on November 24, 2020. In response to the filing of the objection, the trial court issued an order on November 25, 2020, instructing J.S. to submit a deposit to the court reporter for preparation of a transcript. The order also contained the following language:

> After the transcript of hearing is filed, *[J.S.] shall have ten (10) days from the date of filing to submit a memorandum*; opposing counsel shall have ten (10) days

from the date objecting party's counsel filed his brief to respond. The Court will then rule on the objections without an oral hearing.

(Emphasis added.) Subsequently, the transcript was filed on December 14, 2020. Under the terms of the trial court's own order, J.S. had until December 24, 2020, to file a memorandum in support of his objection. For reasons unknown, the trial court proceeded to rule on J.S.'s objection prematurely, issuing an order denying J.S.'s objection on December 22, 2020. Thus, J.S. was denied the opportunity to file a memorandum in support of his objection within ten days as provided for in the trial court's own order. As such, the trial court erred in rendering a premature judgment on J.S.'s objection. *See Ohio Bar Liab. Ins. Co. v. Hunt*, 2d Dist. Montgomery Nos. 19320, 19321, 2003-Ohio-1381, ¶ 35-36 (Trial court was required to refrain from ruling until the end of court-ordered time period.). *See also Bank of New York v. Brunson*, 9th Dist. Summit No. 25118, 2010-Ohio-3978, ¶ 10 (Premature ruling by trial court denied appellant opportunity to be heard.); *U.S. Bank National Association v. Harper*, 9th Dist. Lorain No. 19CA011499, 2020-Ohio-4674, ¶ 29 (Trial court erred in prematurely ruling without giving appellant reasonable opportunity to respond.).

{¶12} We note that this Court is not taking a position as to the sufficiency of J.S.'s objection. But, because the trial court failed to analyze J.S.'s objection under the appropriate standard set forth in Civ.R. 65.1 and also prematurely ruled on J.S.'s objection in contravention to its own order, J.S.'s third assignment of error is well taken.

{¶13} Accordingly, J.S.'s third assignment of error is sustained.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING A CIVIL PROTECTION ORDER AGAINST [J.S.] WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN SUCH A DECISION.**

**ASSIGNMENT OF ERROR II**

**THE GRANTING OF A CIVIL PROTECTION ORDER AGAINST [J.S.] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**ASSIGNMENT OF ERROR IV**

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING RELIEF TO [K.T.] WHO INSTIGATED THE INCIDENT WITH [J.S.].**

{¶14} In his first, second, and fourth assignments of error, J.S. argues that the trial court's grant of the protection order to K.T. is both based on insufficient evidence and against the manifest weight of the evidence. Because this matter must be remanded for further proceedings, the arguments presented in the first, second, and fourth assignments of error are premature. We, therefore, decline to address them.

III.

{¶15} J.S.'s third assignment of error is sustained. Because his first, second, and fourth assignments of error are premature, this Court declines to address them. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

MICHAEL G. BUYTENDYK, Attorney at Law, for Appellee.